20163. MORGAN *v.* TODD *et al.*

Argued September 8, 1958—Decided October 10, 1958—
Rehearing denied November 7, 1958.

*Maddox & Maddox,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* contra.

Duckworth, Chief Justice. The deed to secure debt upon which the plaintiff relies for title completely divested the grantor therein, the defendant Milam, of all title to the land therein described and involved in this suit. Accordingly, when execution issued against the grantor Milam on July 26, 1956, and when the sheriff levied that execution on said land, sold it and attempted

in 1957, to convey it by sheriff's deed to defendant Todd, the defendant in fi. fa. had no title and no leviable interest. Hence, the sheriff's deed conveyed no title. *Shumate* v. *McLendon*, 120 *Ga.* 396 (4) (48 S .E. 10); *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491, 494 (64 S. E. 484); *First Nat. Bank of Cartersville* v. *State Mutual Life Ins. Co.*, 163 *Ga.* 718, 721 (137 S. E. 53, 51 A. L. R. 1524).

But the defendants assert that title reverted to the grantor Milam in virtue of Georgia Laws 1941, pp. 487, 489 (Code, Ann., §§ 67-1308, 67-1314). Title to land conveyed by security deed is under this law made to revert to the grantor at the expiration of 20 years from the maturity of such debt or debts, or the maturity of the last instalment thereof, "as stated or fixed in the record of such conveyance (or in the conveyance if not recorded), or, if the maturity is not stated or fixed, at the expiration of 20 years from the date of the conveyance *as stated in the record* [italics ours] (or in the conveyance if not recorded), or, if the maturity is not stated or fixed and the conveyance is not dated, at the expiration of 20 years from the date the conveyance is recorded (or is delivered if not recorded)." In order for the petition to be subject to demurrer because plaintiff has been divested of title under the 1941 act, it must show facts which the act provides will result in a reversion of title. The petition does not set forth a copy of the record of the deed, but alleges the deed book and page where it was recorded, yet fails to allege when it was recorded. A careful reading of the portion of the act above set out discloses beyond doubt that the requisites set forth in the act for a reversion of title are not shown by the petition.

Furthermore, while counsel on both sides glibly pass up the allegation of the execution of the note in 1942 for $2,500, which is past due and unpaid, this allegation alone, even though the maturity date is not alleged, shows that there could not have been 20 years from maturity because, even if due the date it was executed, it would be 1962 before 20 years expire from maturity. This subsequent debt of the grantor to the grantee is secured by the security deed, as it provides for same, and the law recognizes it. *Moultrie Banking Co.* v. *Mobley*, 170 *Ga.* 402 (152 S. E. 903);

*Dudley* v. *Reconstruction Finance Corp.,* 188 *Ga.* 91 (2 S. E. 2d 907) ; *Rose City Foods* v. *Bank of Thomas County,* 207 *Ga.* 477, 481 (62 S. E. 2d 145) ; *Decatur Lumber &c. Co.* v. *Baker,* 210 *Ga.* 184 (78 S. E. 2d 417).

There is an abortive attempt by the petitioner to raise a constitutional question, but it is futile, since it attacks Code § 67-1308 and there is no such section in the official Code of 1933. Any ruling we would make upon the constitutionality of Code § 67-1308 of the Annotated Code, which has never been enacted or adopted by the legislature, an essential necessary for it to become law, would in no way affect the 1941 act (Ga. L. 1941, p. 487) and the 1953 act (Ga. L. 1953, Nov. Sess., pp. 313, 314) of the legislature, from which Code (Ann.) § 67-1308 is taken.

But, for the reasons above pointed out, the court erred in dismissing the petition, and it is unnecessary to consider the constitutional question.

*Judgment reversed. All the Justices concur.*