20281. TOMLINSON *v.* SADLER, by Next Friend.

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Edwin A. Carlisle,* for plaintiff in error.

*Cain & Smith,* contra.

ALMAND, Justice. Carol Ann Sadler, a minor, by her next

friend, O. M. Sadler, filed suit in Grady Superior Court against Clarence E. Tomlinson, a resident of St. Petersburg, Florida, for damages, alleged to have been sustained by her by reason of the negligent operation of an automobile by the defendant on a public highway in Georgia. Her prayers were that process issue in accordance with Chapter 68-8 of the Code and that she recover a money judgment. The defendant filed a traverse of service and a plea to the jurisdiction, in which he alleged: "4. That process issued and said purported service was made in accordance with Chapter 68-8, *1935 Georgia Code Ann.* as prayed in plaintiff's petition and § 68-808 thereof, providing that any person, firm or corporation who shall cease to be a resident of this State at any time prior to the service of this summons or other lawful process shall be a non resident within the meaning of such in said Chapter 68-8.

"5. That said § 68-808 is unconstitutional as the same permits this defendant to be sued in a County other than the County where he resides and is therefore in violation of Article VI, § XIV, Paragraph VI of the Constitution of the State of Georgia.

"6. That said § 68-808 denies this defendant due process of law and is therefore in violation of Article I, § I, Paragraph III of the Constitution of the State of Georgia and also in violation of the XIV Amendment of the Constitution of the United States.

"7. That the Act of 1957 amending the Act of 1937 being the Non-resident Motorist Act and of which said § 68-808 is a part is in violation of Article III, Paragraph VIII of the Constitution of the State of Georgia, in that said Amendment embodies three separate and distinct subjects, to wit: (1) declares when a citizen of this State becomes a non-resident, (2) provides for service upon non-resident administrators, executors, guardians or personal representatives, and (3) designates jurisdiction and venue of cases against citizens removed from this State different from jurisdiction and venue of cases of such citizen when a resident of this State.

"8. That because said § 68-808 is unconstitutional, as hereinabove set forth and the facts hereinafter set forth, this defendant has never been legally served; has never waived service; has designated nor appointed no one as agent to accept service

for him; and has never appeared or pleaded in said matter."

He also filed general demurrers to the petition. After a hearing, the court entered orders overruling the defendant's traverse of service, the plea to the jurisdiction, and the general demurrers. The defendant filed his bill of exceptions, assigning error on these orders. The sole ground upon which jurisdiction of this court to review these orders is predicated is that the constitutionality of a law of the State of Georgia is drawn in question.

We are of the opinion that the Court of Appeals and not this court has jurisdiction to review the writ of error. Under art. 6, sec. 2, par. 4 of the Constitution of Georgia (Code, Ann., § 2-3704), the question of jurisdiction of this court depends upon whether the constitutionality of any law of Georgia is drawn in question by reason of the allegations contained in the defendant's special plea to the jurisdiction as set out above. In order to raise a question as to the constitutionality of a law, the statute which the party asserts to contravene the Constitution and the provisions of the Constitution alleged to have been violated must be clearly identified, and it must be shown wherein the statute violates such constitutional provisions. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d 198); *Stegall* v. *Southwest Ga. Regional Housing Authority,* 197 *Ga.* 571 (30 S. E. 2d 196). The allegations that (a) "§ 68-808 is unconstitutional as the same *permits* [italics ours] this defendant to be sued in a county other than the county where he resides," (b) "said § 68-808 denies this defendant due process of law," and (c) "That the act of 1957 amending the act of 1937, being the Non-resident Motorist Act and of which said § 68-808 is a *part* [italics ours]," are violative of certain specified provisions of the Constitution of Georgia, are too vague and general to identify the "law" claimed to be invalid or to show wherein and how the same violates the Constitution. The attempt to attack the constitutionality of "§ 68-808" is futile since there is no such section in the official Code of 1933. See *Morgan* v. *Todd,* 214 *Ga.* 497 (106 S. E. 2d 37). The plea being insufficient to raise a constitutional question such as would bring the case within the jurisdiction of this court, the Court of Appeals and not this court has jurisdiction. See *Jones* v. *State,* 190 *Ga.* 654 (10

674

S. E. 2d 394); *Dade County* v. *State of Ga.*, 201 *Ga.* 241 (39 S. E. 2d 473).

*Transferred to the Court of Appeals.   All the Justices concur.*