## 20642. BOWEN v. THE STATE.

CANDLER, Justice. Based on an affidavit made by Ronald Chadwick, the Solicitor of the City Court of Gwinnett County framed and filed an accusation in that court, charging and accusing K. V. Bowen with the offense of a misdemeanor. The accusation alleges that the accused did, in that county and on February 21, 1959, "operate a motor vehicle upon U.S. Highway No. 29, a public street and highway, at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and did fail to so control the speed of said vehicle so as to avoid colliding with another vehicle on said highway at said time and place contrary to the laws of said State, the good order, peace and dignity thereof." No demurrer was interposed to the accusation. A jury convicted the accused of the offense charged, and he was sentenced to pay a money fine of $200 or serve a prison term of 12 months. No motion for a new trial was made, but the accused in due time filed a motion in arrest of the judgment rendered against him, or the sentence imposed upon him. His motion alleges that the accusation charges and accuses him of violating the provisions of subparagraph (a) of Code (Ann.) § 68-1626; that said subparagraph (a) of said Code section is null and void because it offends enumerated provisions of the State and Federal Constitutions; and that the accusation, based as it was on an unconstitutional subparagraph of said Code section, failed to charge him with the commission of an act which is prohibited by the laws of this State. His motion was denied, and the exception is to that judgment. *Held:*

The accusation in this case was based on the provisions in article 6, section 48, subparagraph (a) of an act which the governor approved on January 11, 1954 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 577)—the act being known and referred to as the Uniform Act Regulating Traffic on Highways. In his motion to arrest the judgment rendered against him, or the sentence imposed upon him, the accused makes no constitutional attack on the validity of the cited motor vehicle act as a whole or on any designated part of it. But his motion is predicated solely on the proposition that the judgment rendered against him, or the sentence imposed upon him, is a nullity and should be arrested, because subparagraph (a) of Code (Ann.) § 68-1626 is null and void since it offends enumerated provisions of the Constitution of this State and the Constitution of the United States. The attempt thus to attack the constitutionality of subparagraph (a) of Code (Ann.) § 68-1626 is futile, since there is no such paragraph and section in the official Code of 1933. Such subparagraph and such section have never become law in consequence of any necessary and required adopting or enacting legislative action. Hence, any decision rendered by this court at this time respecting the validity or the invalidity of subparagraph (a) of Code (Ann.) § 68-1626 would in no way affect the act from which these provisions were taken and placed in an unofficial annotated Code, which a publishing company in the City of Atlanta compiled for distribution and sale. For like rulings made on similar allegations see *Morgan* v. *Todd*, 214 *Ga.* 497, 499 (106 S. E. 2d 37), and *Tomlinson* v. *Sadler*, 214 *Ga.* 671 (107 S. E. 2d 215). Since the motion in this case makes no attack on the validity of the cited motor vehicle act under the provisions of which the movant was charged with the commission of an act thereby made penal, and for the commission of which he was later convicted and sentenced, and since it seeks to arrest the judgment rendered against him, or the sentence imposed upon him, on no ground other than the one which makes a futile attempt to question the constitutionality of an unofficial annotated Code section and a subparagraph thereof as taken from said act, the trial judge properly denied the relief sought, and this holding disposes of all questions presented by the writ of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*Merritt & Pruitt,* for plaintiff in error.
*Chas. C. Pittard, Solicitor,* contra.