### 21365. UNDERWOOD v. ATLANTA & WEST POINT RAILROAD COMPANY.

CANDLER, Justice. Jesse S. Underwood sued the Atlanta & West Point Railroad Company in the Superior Court of Fulton County and prayed only for a money judgment. So far as need be stated, his petition alleges that he was permanently injured when the defendant's train negligently collided with a taxicab he was then driving over one of its street crossings in the City of Atlanta and while he was transporting passengers for hire. By its answer, the defendant denied all acts of negligence alleged against it and by an amendment thereto

averred that the collision and the consequent injury the plaintiff sustained resulted from and were caused directly by his negligent failure to comply with the provisions of *Code Ann.* § 68-1663 which requires the driver of any motor vehicle carrying passengers for hire before crossing the track or tracks of any railroad to stop such vehicle within 50 feet but not less than 15 feet from the nearest rail of such railroad and while so stopped to listen and look in both directions along such track for any approaching train and for signals indicating any approaching train and not to proceed until he can do so safely. After all of the evidence had been introduced and after both parties had rested, the plaintiff made a motion to strike the averments in paragraph 6 (b) and (c) of the defendant's amendment to its answer on the ground that *Code* § 68-1663 (a) as construed by the court and as applied to the instant case violates enumerated clauses of the State and Federal Constitutions for stated reasons. The motion was overruled and that judgment is excepted to in the bill of exceptions. *Held:*

Since the official Code of 1933 does not contain a section numbered 68-1663 (a), the plaintiff's motion to strike the averments in paragraph 6 (b) and (c) of the amendment to the defendant's answer raises no proper constitutional question for decision by this court. For unanimous decisions so holding, see *Morgan v. Todd*, 214 Ga. 497, 499 (106 SE2d 37); *Tomlinson v. Sadler*, 214 Ga. 671 (107 SE2d 215); and *Bowen v. State*, 215 Ga. 471 (111 SE2d 44); and since this court does not for any other reason have jurisdiction of the cause, the bill of exceptions must be and is hereby transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED SEPTEMBER 13, 1961—DECIDED SEPTEMBER 21, 1961.

*Greene, Neely, Buckley & DeRieux, John David Jones,* for plaintiff in error.

*Heyman, Abram, Young, Hicks & Maloof, Herman Heyman,* contra.