22932.   STEPHENS, Mayor, et al. v. MORAN.

ARGUED APRIL 13, 1965—DECIDED MAY 6, 1965.

*Ezra E. Phillips,* for plaintiff in error.
*Wesley R. Asinof,* contra.

GRICE, Justice.   The granting of a mandamus absolute requiring a municipality to adopt reasonable regulations concerning the manufacture and sale of alcoholic beverages and liquors is assigned as error here.   John A. Moran filed a petition in the Superior Court of Fulton County against the Mayor and Councilmen of the City of East Point to compel such regulation.   His petition, insofar as essential to this review, made the allegations which follow.

An election held in Fulton County on March 30, 1938, pursuant to Ga. L. 1937-38, Ex. Sess., p. 103, resulted in a majority of the votes cast favoring the taxing and controlling of alcoholic beverages and liquors, thus permitting their manufacture, sale and distribution in that county.   The defendants, as the governing authority of the City of East Point, are charged with the duty of regulating the sale of liquor in that municipality, but they have failed to do so by refusing to enact regulatory ordinances and by refusing to grant licenses to engage in the retail sale of liquors. The plaintiff, as a citizen of such state, county and municipality,

is interested in having the laws executed and the duty in question enforced. The prayers included a mandamus nisi and mandamus absolute requiring the Mayor and Council to regulate the issuance of licenses to sell liquor in the municipality as required by the statute above referred to.

To this petition the defendants interposed an answer, admitting the essential facts of the petition but denying that they have any duty to regulate pursuant to such statute, that they should be required to regulate, and that the plaintiff is entitled to bring this action. The answer also alleged that no license to sell liquors has been granted since 1938, and that while the municipality had adopted regulations under such statute they were recently repealed. No copy or substance of such regulations was plead. A copy of the repealing ordinance recites that the manufacture or sale of alcoholic beverages and liquors "is hereby prohibited," and that no license therefor may henceforth be sold.

In addition to an answer the defendants filed general demurrers and special pleas. No order on the demurrers appears in the record but the defendants assert that they should have been sustained. No proof or admission of the special pleas was offered, hence no further reference to them will be made.

Upon the trial the case was submitted on the petition and answer without the formal introduction of evidence and without a jury. The judgment of mandamus absolute assigned as error here resulted.

■ As to the plaintiff's standing to bring this suit, the case at bar is controlled by the unanimous decision in *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567). There it was held that "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that the plaintiff is interested in having the laws executed and the duty in question enforced." (Headnote 1.) The allegations here comport with that holding.

■ The decision in the *Ragsdale* case, 188 Ga. 238, supra, likewise governs here on the merits. In that case, the Fulton County Commissioners had passed a resolution reciting that they would not issue any licenses for the sale of liquor in the unincorporated areas of the county and had not formulated any regulations for the issuance of such licenses.

This court held that "Where a county has voted in favor of legalizing the sale of alcoholic beverages and liquors in pursuance of the act of February 3, 1938 (Ga. L. 1937-38, Ex. Sess., p. 103), the board of county commissioners, as the governing authority of the county, is vested with wide discretion in the regulation of businesses authorized by the act, but it is not authorized to prohibit such businesses and refuse to exercise its discretion" (Headnote 2), and "Where the board of county commissioners refuses to exercise its discretion in the regulation of the sale of liquors in the territory under its jurisdiction, mandamus is the proper remedy to compel the board to act." (Headnote 3.) The crux of the ruling lies in the following language in the opinion: "The action of the commissioners was a clear attempt to prohibit, and not to regulate. The act authorizes the use of discretion in the regulation of the sale of liquor, not the use of discretion in determining whether or not liquor shall be sold in the territory over which they have jurisdiction." (P. 242.)

What was said in the *Ragsdale* case, supra, as to counties is also applicable to the municipalities in such counties. The consequences of an election favoring control of alcoholic beverages and liquors cannot be avoided upon the theory that the result binds only the unincorporated areas of a county. The 1938 Act provides that the question of permitting or prohibiting the sale of liquor shall be submitted "to the voters of the county," and that if a majority of the votes shall be favorable, the sale of liquor "in such county" shall be permitted. Thus, the election and the result are countywide. Nowhere in the Act is there any procedure for a municipality to conduct such an election.

Such county election, being provided for by general law, must prevail over any contrary charter provision of a municipality within the county. Therefore, no support for the defendants' position is provided by the City of East Point's charter provision authorizing it to "control and/or prohibit the manufacture and/or sale of all alcoholic beverages." Ga. L. 1937, pp. 1873, 1875; Ga. L. 1957, pp. 2429, 2495. Such provision is a special law where there exists a general law, in violation of the State Constitution. Ga. Const., Art. I, Sec. IV, Par. I; *Code Ann.* § 2-401. Furthermore, a general law cannot be amended, modified or repealed by a special law. *Stewart v. Anderson*, 140 Ga.

31 (78 SE 457). There being here a valid general law and an invalid special law, this court must apply the valid one.

We are aware of the rule that this court will not pass upon the constitutionality of a statute unless the point was made and passed upon in the trial court. However, that rule has no application here, where each side relies upon a statute, one of which is clearly invalid, and the court must decide which statute governs. In such a situation, regardless of any lack of specific attack on the invalid one, the court must apply the valid statute, rather than the invalid one, in order to correctly decide the case.

The facts in the instant case, like those in the *Ragsdale* case, 188 Ga. 238, supra, show an effort to prohibit, not regulate, the sale of liquor, notwithstanding the election in favor of legalizing its sale. This situation, if allowed to stand, would thwart local option, the very foundation of the 1938 Act.

(a) A different result is not to be had because of the power given to municipalities to zone for particular uses. Ga. L. 1946, p. 191; Ga. L. 1957, p. 420. This authority does not impinge upon the power of the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors." Ga. L. 1937-38, Ex. Sess., p. 103. Each operates in its own sphere. See *Plaza Liquor Store, Inc. v. City of Atlanta*, 220 Ga. 615, 617 (140 SE2d 868).

(b) The present suit is not barred by the 20 year statute of limitations of *Code Ann.* § 3-704 for enforcement of rights accruing under statutes, act of incorporation or by operation of law. Here, the action arose not by any right given individuals, but because of the refusal of the public officers to perform their duty under the law.

(c) The foregoing rulings having reference to the judgment granting the prayer for mandamus absolute are controlling upon the contention that the general demurrers should have been sustained.

*Judgment affirmed. All the Justices concur, except Candler and Mobley, JJ., who dissent.*

CANDLER, Justice, dissenting. I think the trial judge erred in granting a mandamus absolute in this case. Section 193 (14) of an Act which the Governor approved on March 5, 1957 (Ga. L. 1957, pp. 2429, 2495) provides that the City of East Point may "control and/or prohibit the manufacture and/or sale of alcoholic

8

beverages" in that municipality. No attack is here made on the validity of that Act and until its invalidity is established in the manner and way provided by law, it is the duty of the courts to comply with its provisions. The legislature, like the courts, is bound by the Constitution and the members of that body, like ourselves, are sworn to maintain it. It is a grave matter for this court to set aside an Act of the co-ordinate legislative department and in *Savannah, Florida &c. R. Co. v. Hardin,* 110 Ga. 433, 437 (35 SE 681), it was unanimously said: "While the Constitution declares that legislative Acts in violation of its provisions are void, and the judiciary shall so declare them, it is well settled that a legislative Act should not be declared unconstitutional unless the point that the Act is unconstitutional is squarely made in the case. From this it necessarily follows that this court should never pass upon the constitutionality of a legislative Act unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." For cases prescribing the procedure which must be employed and followed in attacking the constitutionality of a legislative Act, see *Dade County v. State of Ga.,* 201 Ga. 241, 245 (39 SE2d 473), and the several cases there cited. As pointed out above, no attack is here made on the constitutionality of the 1957 Act and this court has several times held that an attack on the validity of an annotated section of the unofficial Code of 1933 is not sufficient to draw into question the constitutionality of the Act from which it came. See *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Tomlinson v. Sadler,* 214 Ga. 671 (107 SE2d 215); *Bowen v. State,* 215 Ga. 471 (111 SE2d 44); and *Underwood v. Atlanta & W. P. R. Co.,* 217 Ga. 226 (122 SE2d 100). In those cases this court refused to rule on an abortive and futile attempt to attack the validity of legislative Acts; and in the absence, as here, of any attack on the constitutionality of the 1957 Act, this court ought to give its provisions full force and effect. The *Ragsdale* case, supra, cited and relied on by the majority was decided prior to the 1957 Act which gave the City of East Point the right to prohibit the sale of alcoholic beverages in that municipality and for that reason the decision in *Ragsdale* is not here controlling.

I am authorized to state that Mr. Justice Mobley concurs in this dissent.