23263. CTC FINANCE CORPORATION v. HOLDEN.

ARGUED FEBRUARY 15, 1966—DECIDED FEBRUARY 23, 1966.

*Grant, Spears & Duckworth, William G. Grant,* for appellant.
*Duncan & Gary, Ray Gary, Vernon W. Duncan,* for appellee.

DUCKWORTH, Chief Justice. The Constitution, Art. VI, Sec. IV, Par. VI (Constitution of 1945; *Code Ann.* § 2-3906) confers unqualified power upon superior and city courts, not the legislature, to grant new trials. Art. I, Sec. I, Par. XXIII, of the Constitution (Constitution of 1945; *Code Ann.* § 2-123) requires that "legislative, judicial and executive powers shall forever

remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." These constitutional clauses constitute insuperable barriers to any legislative control or interference with the courts in the exercise of their powers to grant new trials. If the legislature can qualify and restrict the power of the courts as it appears to have undertaken by Ga. L. 1959, p. 353, it could add additional qualifications and restrictions to the point of nullifying the unrestricted constitutional power of the courts which the Constitution limits only to the point that the grant of a new trial be "on legal grounds." While the trial court did not rule upon the constitutionality of Ga. L. 1959, p. 353, and hence we are unable to do so here, yet a decision here requires a construction of that Act, and in making that construction the rule we must follow is that if it is susceptible of two meanings, one of which would render it unconstitutional and the other would render it constitutional, we must give it the latter construction. *Fordham v. Sikes*, 141 Ga. 469 (81 SE 208); *Cutsinger v. City of Atlanta*, 142 Ga. 555 (83 SE 263); *Evans v. Evans*, 190 Ga. 364, 369 (9 SE2d 254); *Sumter County v. Allen*, 193 Ga. 171 (17 SE2d 567); *Thomas v. Board of Commissioners of Chattooga County*, 196 Ga. 10, 14 (25 SE2d 647).

Since, as pointed out above, if the Act be construed to be mandatory it would be legislative exercise of a purely judicial function and hence unconstitutional, but if it is construed to be merely directory and not mandatory, it would be constitutional, we apply the rule as stated in the foregoing decisions and construe the Act not to be mandatory but merely advisory. With this construction placed upon the Act, the judges may comply with it if they wish, but a failure to do so is not error and constitutes no grounds for reversing the judgment granting a new trial.

While the foregoing ruling requires a reversal of the judgment of the Court of Appeals, which held that since the judgment granting a new trial sustained the motion therefor which contained the general and some special grounds, failed to specify which grounds were sustained, the judgment was

void, we think we should go further and point out that the entire 1959 Act is a nullity. The legislature has refused to adopt the "Annotated Code," although urged to do so. This court has held in *Morgan v. Todd*, 214 Ga. 497 (106 SE2d 37); *Bowen v. State*, 215 Ga. 471 (111 SE2d 44); *Underwood v. Atlanta & W. P. R. Co.*, 217 Ga. 226 (122 SE2d 100); and *Mallard v. State*, 220 Ga. 31 (136 SE2d 724), that the Annotated Code is not the law since it can become so only by action by the legislature expressly adopting it. Ga. L. 1959, p. 353, merely repeals "Section 6-1608 of the Code of Georgia, Annotated," and then "in lieu thereof" enacts the remainder of the Act. Under the last above cited cases, Section 6-1608 of the Official Code was not repealed thereby. Obviously, by repealing Section 6-1608 of the Annotated Code no existing law was thereby repealed, and since the other portion of the Act was expressly made in lieu thereof, it too became only a new section of the Annotated Code, and hence is not law. Had the Act repealed a designated chapter of a textbook on science and enacted something in lieu thereof, it would not have been law but science. Therefore, despite the obvious value of having a judgment granting a motion for new trial specify the grounds upon which it is based, this can be accomplished only by amending the Constitution to allow the legislature to amend the Official Code to establish such law. We have discussed this matter fully in order that lawyers and courts may not again concern themselves with the 1959 Act (Ga. L. 1959, p. 353).

*Judgment reversed. All the Justices concur.*