41831.   ANDERSON v. WILSON.
41832.   BROWN v. WILSON.

ARGUED FEBRUARY 7, 1966—DECIDED JULY 1, 1966.

20

Jones & Kemp, Charles M. Jones, Bennett, Pedrick & Bennett, E. Kontz Bennett, for appellants.

Benjamin Smith, Jr., for appellee.

FELTON, Chief Judge. In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer. Hudgins v. Coca-Cola Bottling Co., 122 Ga. 695 (1) (50 SE 974) ; Close v. Rape, 109 Ga. App. 230 (136 SE2d

16) and cit. "It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection, ordinarily are to be decided by a jury, and a court should not decide them on demurrer, except in plain and indisputable cases." *De Golian v. Faulkner*, 74 Ga. App. 866, 869 (41 SE2d 661) and cit. Accepting the allegations of the petitions as true, they do not demand an inference of contributory negligence on the part of either plaintiff. In the absence of special demurrers calling for the more particular and detailed allegations which the defendant contends in his brief are essential, the general allegations of the defendant's negligence are sufficient as against the general demurrers; therefore, the court erred in its judgments sustaining the general demurrers to the petitions in both cases.

*Judgments reversed. Frankum, J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. The part of the specifications of negligence in the two petitions alleges that certain acts were negligence per se because of the violation of the following: *Code* §§ 68-1626(b)2, 68-1626(a), and 68-1626(c). There are no such Georgia Code sections, nor are there any such sections of Georgia Law as *Code Ann.* §§ 68-1626(b)2, 68-1626(a), and 68-1626(c). *Mallard v. State*, 220 Ga. 31 (136 SE2d 755); *Morgan v. Todd*, 214 Ga. 497 (106 SE2d 37); *Bowen v. State*, 215 Ga. 471 (111 SE2d 44); *Underwood v. Atlanta & W. P. R Co.*, 217 Ga. 226 (122 SE2d 100). However, since the facts constituting the alleged violation of law are set forth in the allegations of negligence and the decision here being on general demurrer, the allegations are sufficient.