### 25005. MELTZER et al. v. C. BUCK LeCRAW & COMPANY et al.

UNDERCOFLER, Justice. This appeal is from the denial of a motion for new trial in a dispossessory warrant proceeding

wherein the tenants were dispossessed and ordered to pay double rent under *Code Ann.* § 61-305. *Held:*

1. The appellants enumerate as error in this court the order of the trial judge dated September 13, 1968, overruling their motion for new trial on the ground that "there was no preponderance of the evidence in favor of the appellee." The transcript of evidence was filed in this court on January 13, 1969. There is no order in the record showing that an extension of time for filing of the transcript of evidence was made to or granted by the trial judge. "An appeal before this court must be decided on the record sent up. The appellant is bound to file the transcript of the evidence within 30 days of the filing of his notice of appeal, or if the transcript cannot be obtained within that time he must obtain an extension of time to file the transcript. The burden is his. When, according to the record here, he does not timely file such transcript, it can only be said that it affirmatively appears from the record that such failure was caused by the appellant." *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126); *Hardy v. D. G. Machinery &c. Co.,* 224 Ga. 818 (165 SE2d 127). Since the transcript of evidence is not properly before this court, this enumeration of error does not raise a question which can be considered here.

2. Enumeration of error 2 complains that the trial court erred in overruling appellants' motion to be relieved from a void money judgment because appellee had waived his right thereto.

The record in this case shows that the dispossessory warrant was filed on June 5, 1968, and the tenants remained in possession of the property. On July 15, 1968, the landlord waived the posting of bond after being enjoined by the U. S. district court from insisting upon this provision of Georgia law.

The tenants contend that the money judgment is void because the landlord had waived his right to double rent when he waived the statutory bond requirement. There is no merit in this contention. The waiving of the bond requirement of *Code* § 61-303 and allowing the case to proceed to trial on its merits without the statutory bond does not defeat the right of the landlord to have double rent under *Code Ann.* § 61-305.

This enumeration of error is without merit.

3. Enumeration of error 3 complains that the money judgment

entered against the tenants is void because *Code Ann.* § 61-305 is unconstitutional in that it violates the due process and equal protection of law clauses of the Fourteenth Amendment of the United States Constitution (*Code* § 1-815) and Art. I, Sec. I, Pars. III and XXV (*Code Ann.* §§ 2-103, 2-125) of the Georgia Constitution. This contention is without merit. See *State of Georgia v. Sanks,* 225 Ga. 88.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1969—DECIDED JANUARY 23, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*Peter E. Rindskopf, Howard Moore, Jr.,* for appellants.
*Warren Rosser, Lucian Lamar Sneed, Arthur Bolton, Attorney General, Alfred L. Evans, Jr., A. Joseph Nardone, Jr., Assistant Attorneys General,* for appellees.