43848, 43849. GREENE v. McINTYRE; and vice versa.

SUBMITTED SEPTEMBER 5, 1968—DECIDED MARCH 5, 1969.

*James E. Greene,* for appellant.

*John D. Edge,* for appellee.

BELL, Presiding Judge. ■ The petition was sufficient to state a claim for relief under the Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108).

■ In one ground of enumerated error, defendant contends the court erred in re-opening the case for the purpose of having the evidence reported.

Ordinarily, it is within the sound discretion of the court, in a case tried by the court sitting without a jury, to re-open the case for further testimony while holding the matter for decision. See *Electric R. Co. v. Savannah, Fla. & W. R. Co.,* 87 Ga. 261 (2) (13 SE 512); *Hartford &c. Co. v. Garland,* 81 Ga. App. 667, 670 (59 SE2d 560); 89 CJS 375-381, Trial, § 591. However, Section 10 (d), (g) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805 (d), (g)) prescribes the correct procedure for preparing a transcript of the proceedings where a trial is not reported. The parties should have prepared a transcript according to that procedure. Thus we do not think it was within the court's discretion to re-open the case, without notice and hearing on the application, merely because the first hearing had not been reported. However, in order to show that he was harmed, it would be necessary for defendant to demonstrate that different or additional evidence was presented on the second hearing which could have changed the result. Defendant-appellant has failed to carry this burden by failing to have prepared a transcript of the first hearing. We are unable to determine whether defendant was harmed. We think he was not, as the trial judge stated at the conclusion of the second hearing that he had not changed his mind in the case.

■ This court cannot consider questions with respect to proceedings on a trial which are merely related in a party's brief but are not incorporated in a properly authenticated transcript as required by the Appellate Practice Act. *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *Cooper v. Brock,* 117 Ga. App. 501 (161 SE2d 75). As we do not have before us a transcript embracing all the evidence presented at the two hearings we cannot consider the evidence in passing upon general grounds

in either the main appeal or the cross appeal. We must assume the court's decision was based upon sufficient evidence. *Daniels v. Sanders*, 114 Ga. App. 495, 497 (151 SE2d 820).

Under the Civil Practice Act a plaintiff may sue on one theory and recover on another. *Hirsch's v. Adams*, 117 Ga. App. 847, 848 (162 SE2d 243). Thus the fact that the complaint was brought for usury did not preclude a recovery as for money had and received assuming the evidence supported the latter theory.

While money voluntarily paid may not ordinarily be recovered, this rule is not without exception. See *Code* § 20-1007; *Lowe v. Presley*, 86 Ga. App. 328, 332 (71 SE2d 730). The law making the relationship of attorney and client confidential is a salutary one and it is the duty of the courts to enforce it strictly. *Lewis v. Foy*, 189 Ga. 596, 600 (6 SE2d 788). It seems clear from the nature of that relationship that a client may recover from an attorney where, as the trial court found in this case, the proprieties of the relationship demand the return of a portion of the fee paid. 7 CJS 1094, Attorney and Client, § 192. See generally Rule 3-112 of the State Bar of Georgia, 219 Ga. 889; Annot. 70 ALR2d 962.

*Judgment affirmed on the main appeal and on the cross appeal. Hall and Quillian, JJ., concur.*