## 45392.   JENKINS v. BOARD OF ZONING
## APPEALS OF CITY OF COLUMBUS et al.

PANNELL, Judge. The question in this case is whether the judge of the superior court erred in dismissing an appeal to the superior court from an order of the Board of Zoning Appeals of the City of Columbus. The record in this case shows an appeal to the Superior Court of Muscogee County "from an order of the Board of Zoning Appels of the City of Columbus, Georgia, dated May 7, 1969," which recited it was an appeal "pursuant to the provisions of Sections 68-8, et seq., of the Georgia Code Annotated, as amended, and Section 22-3, et seq., of the Code of the City of Columbus, Georgia, as amended." The appeal above referred to was filed on January 4, 1969, and in all three grounds referred to the administrative agency as the "Board of Zoning Appeals." The answer to the appeal and the proceedings filed in superior court show the proceedings were had before "the Board of Zoning Appeals of the City of Columbus, Georgia." The Act of 1946 (Ga. L. 1946, p. 191, et seq.; *Code Ann. Ch.* 69-8), setting up a system of zoning, provided for a reviewing board denominated "board of adjustment" from whose rulings an appeal to the superior court might be had by merely filing an appeal. Section 27 of the Act of 1946 (*Code Ann.* § 69-827). The Act of 1957, setting up a cumulative system of zoning, provides for a reviewing board denominated "board of zoning appeals" and provides for an appeal from its rulings under the same procedure as from the court of ordinary (by amendment enacted in 1964, Ga. L. 1964, p. 259; *Code Ann.* § 69-1211.1), which appeal from the court of ordinary requires payment of costs and the giving of a bond for future costs as a prerequisite to the validity of an appeal to the superior court. See *Code* § 6-204. The board of zoning appeals made a motion to dismiss the appeal to the superior court on the following grounds: "1. Appellant has failed to pay any of the costs involved in said appeal and has failed to post the bond required under Georgia Code Section 6-204, which section is applicable to said appeal. 2. The notice of appeal fails to show that appellant is a property owner or has any pecuniary interest which

would be adversely affected in that her property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated." An order of the trial judge recites: "Whereas, appellees [Board of Zoning Appeals of the City of Columbus, Georgia] moved to dismiss said appeal on several grounds, one of which is that there is no provision for an appeal from a decision of said board under the presently existing ordinances of the City of Columbus, Georgia.

"Now, therefore, after argument and submission of briefs by counsel for both parties, it is considered, ordered and adjudged that the motion of appellees be and the same is granted on the foregoing ground and that the foregoing appeal is hereby dismissed." Various ordinances and paragraphs from ordinances of the City of Columbus are quoted in the briefs of counsel, but they nowhere appear as a part of the record in this case. *Held:*

1. This court cannot take judicial notice of a municipal ordinance. *Leger v. Ken Edwards Enterprises,* 223 Ga. 536, 539 (156 SE2d 651).

2. This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. See *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88).

3. This appeal appears to be from a board of zoning appeals provided for by the Act of 1957 rather than from a board of adjustment provided for in the Act of 1946. While the appeal also states it is made pursuant to the "Georgia Code Annotated § 68-8," the Georgia Code Annotated is a publication of a law book publisher and neither grants nor takes away any legal rights. See *Bowen v. State,* 215 Ga. 471 (111 SE2d 44); *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Underwood v. Atlanta & W. P. R. Co.,* 217 Ga. 226, 227 (122 SE2d 100). Further, this chapter of the Code Annotated deals with motor vehicles. The Act of 1946, which authorizes an appeal from a board of adjustment is annotated as Chapter 69-8 of the Georgia Code Annotated. We find no other Act of the legislature establishing

and authorizing a board of zoning appeals for the City of Columbus other than the Act of 1957. Since the record shows what purports to be such a board, and since the only way such a board could be established in the City of Columbus is under the Act of 1957, we will presume, in the absence of a showing to the contrary, that it was so established. Accordingly, the appeal here is controlled by the provisions of that statute and the amendment thereto authorizing appeals from the actions of such boards; and it not appearing the appellant here [and in the superior court] has given bond for future costs, the appeal is subject to dismissal on this ground (*Bates v. Weaver,* 145 Ga. 241 (1, 3) (88 SE 986)) and this ground being urged in the court below, the trial judge must be affirmed in his dismissal of the appeal as the dismissal was correct, even though a wrong reason was given therefor.

4. Appellant contends that the City of Columbus, by ordinance, adopted the provisions of the Act of 1957 prior to the amendment of 1964 authorizing appeals from rulings of the board of zoning appeals established by the Act of 1957, and that therefore it was entitled to appeal under the provisions of the Act of 1946, which appellant contends was previously adopted by the City of Columbus, Georgia. Since the record fails to show the fact exists upon which this contention is founded, this court cannot rule thereon.

*Judgment affirmed. Jordan, P. J., concurs in the judgment. Eberhardt, J., concurs specially.*

ARGUED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970.

*Young, Thompson, Redmond & Young, Dan H. Byars, W. H. Young, Jr.,* for appellant.

*Lennie F. Davis, Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellees.

EBERHARDT, Judge, concurring. While I do not disagree with either the statement made or the supporting authority cited in Division 2, I do call attention to our Rule 17, which requires that part one of appellant's brief consist of a brief and accurate statement of the pleadings, facts and issues, and that if this is not controverted by appellee he shall be held to have consented to a

decision of the case on the statement made. This rule does not change the law; rather, it presupposes that the statement made by appellant is taken from or is supported by the record.