26433. VAUGHN v. KINCADE et al.

FELTON, Justice. A clause securing future indebtedness in a deed to secure debt is valid and enforceable; hence, the grantor is not entitled to have such deed canceled by the payment of the balance of a debt secured thereby at the time of the execution of the deed, where subsequent debts have accrued. See *Morgan v. Todd*, 214 Ga. 497, 498 (106 SE2d 37) and cases cited.

Accordingly, where the plaintiff former husband executed a note to his former wife and her attorney, defendants, providing that it was for past due child support accrued under a decree and that such future accruals should be secured by a deed to secure debt, which was executed simultaneously therewith to the former wife alone and which also contained such a "future indebtedness" clause, the plaintiff's tender of less than the total of the indebtedness accrued at the time of the tender does not estop the defendants from foreclosing the deed upon the plaintiff's default on the payments thereby secured.

Therefore, in the plaintiff's present action to have the deed canceled of record and the defendants enjoined from foreclosing it, the trial court did not err in its judgment dismissing as a party defendant the former wife's attorney, who was not a grantee of

said deed; in refusing the cancellation of the deed; and in enjoining the foreclosure of the deed, upon the former wife's consent, only upon the condition that, and for as long as, the plaintiff makes specified payments to her until the child supports payments are current (which order is more favorable to the plaintiff than it would have been had it enforced the defendant's available remedy of foreclosure).

*Judgment affirmed. All the Justices concur.*
ARGUED APRIL 14, 1971—DECIDED MAY 6, 1971.

*Wall & Campbell, Alford Wall, Richard H. Parker,* for appellant.
*Floyd E. Siefferman, Jr.,* for appellees.