47474.   LIFE INSURANCE COMPANY OF GEORGIA
v. THOMAS.

PANNELL, Judge. This is an appeal from the denial of the defendant-insurer's motion for summary judgment in an

action by the beneficiary wife seeking recovery for accidental death benefits under an insurance policy allegedly issued by defendant. The defendant admitted the issuance of the policy but denied that the deceased husband died as a result of an accident, as defined in the policy. No copy of the policy was attached to the pleadings, nor is it a part of the record in the case sent to this court. A decision of the case depends upon the construction of the insuring clause, and any exclusionary clauses relating thereto. Appellant's brief contains the following statement not controverted by the appellee: "In her complaint, Mrs. Thomas alleged coverage under Life Insurance Company of Georgia Policy Number GL 190 654. Prior counsel for defendant, as well as counsel for plaintiff, inadvertently omitted making a copy of the policy a part of the record. However, in accordance with Rule 18 (b) (1) of the Rules of the Court of Appeals [former Rule 17 (b) (1); 111 Ga. App. 883, 890] and by agreement of counsel on this appeal, counsel for appellant states that the group policy (Number GAH 190-A) contains the following provision: 'If bodily injury effected solely through external, violent and accidental means shall be sustained by a member while insured and shall result directly and independently of all other causes, within ninety days after the date of the accident, in any one of the losses set forth in the table below, the company, subject to all the provisions of this policy, will pay to the member, if living, otherwise to the member's beneficiary an amount determined in accordance with said table. Only one of the amounts, the largest so specified, will be paid for all injuries resulting from any accident. For loss of Life . . . . . . . . . . The Principal Sum.'" *Held:*

1. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. See *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91

(1) (166 SE2d 88)." *Jenkins v. Board of Zoning Appeals*, 122 Ga. App. 412 (2) (177 SE2d 204).

2. While the statement in appellant's brief with the attachment thereto of the purported policy is not controverted by appellee, Rule 18 (b) (1) is not applicable, as this rule does not change the law above stated "rather, it presupposes that the statement. made by appellant is taken from or is supported by the record." See concurring opinion of Judge Eberhardt in *Jenkins v. Board of Zoning Appeals*, 122 Ga. App. 412, 414, supra. We cannot indulge in such a presumption under the rules stated when the statement of appellant shows that the policy is not a part of the record.

3. Because of the absence of the policy from the record in the case sent to this court, and which was not made a part of the record in the court below, we are constrained to affirm the ruling of the trial judge.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED DECEMBER 1, 1972.

*Sanders, Hester, Holley, Askin & Dye, William J. Williams, Otis F. Askin, Fred K. Harvey, Jr.,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, Wyckliffe A. Knox, Jr.,* for appellee.