53557. BELLUSO v. SUNNYLAND FOODS, INC.

SHULMAN, Judge.

Appellant was injured while she was a passenger in a car which was struck from the rear by a tractor-trailer truck used in appellee's business. A verdict was rendered in her favor against the appellee in the sum of $10,000. She appeals from the judgment entered thereon.

Appellant enumerates as error the denial of her attempt to introduce into evidence a motion picture film taken shortly after the occurrence, as well as the trial court's requirement that she elect to admit into evidence either the motion picture film or still photographs.

She also enumerates as error certain charges of the court going to the question of liability only.

1. The record before this court does not include either the motion picture film or the still photographs. " 'This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. See *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154

SE2d 803); *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88).' *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204)." *Life Ins. Co. of Ga. v. Thomas,* 127 Ga. App. 682, 683 (194 SE2d 625).

However, even if we could consider this enumeration, the admission or exclusion of photographs is a matter of discretion for the trial court to exercise and unless manifestly abused will not be controlled by this court. "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. *McKinney v. Pitts,* 109 Ga. App. 866 (4) (137 SE2d 571). And see *Toler v. State,* 213 Ga. 12 (2) (96 SE2d 593); *City of Thomasville v. Crowell,* 22 Ga. App. 383 (4) (96 SE 335)." *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189).

The transcript shows no abuse of this discretion. Motion pictures are ordinarily admissible but where, as here, they also depicted other persons injured in the occurrence not involved in this litigation, they were properly excluded. See *Glaze v. Bailey,* 130 Ga. App. 189, 191 (202 SE2d 708); *Shaw v. State of Ga.,* 83 Ga. 92 (2) (9 SE 768).

The requirement by the trial court that the appellant elect to admit into evidence either the still photographs or the motion pictures was not harmful to appellant. Other photographs admitted into evidence adequately illustrated her contentions. *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (6) (196 SE2d 149).

2. The verdict having been rendered in favor of the appellant, the enumerations of error concerning the charge of the court are without merit. ". . . [I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 155 (193 SE2d 19).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 14, 1977.

*Bailey & Stevens, Grover C. Bailey, Ronald Stevens,* for appellant.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellee.