36802. MINOR v. NEELY et al.

Undercofler, Justice.
Dr. James B. Minor, executor of the estate of L. L. Minor, Sr., filed this suit in 1979 against John J. Neely, Jr., executor of the estate of L. L. Minor, Jr., seeking to quiet title to two tracts of land conveyed by L. L. Minor, Jr., to L. L. Minor, Sr. These tracts were conveyed by security deeds in 1952 and 1957 in order to secure promissory notes executed in 1952 and 1957.

The parties stipulated at trial that the issue for decision is whether the two security deeds, both of which contain an "open end" or "dragnet" clause, have been renewed and extended by notes executed by L. L. Minor, Jr., in favor of L. L. Minor, Sr., subsequent to 1957, or whether the security deeds have expired 20 years from the

date of maturity of the original notes they secured as a result of their not having been renewed and extended of record.

Under Code Ann. § 67-1308, title to real property conveyed to secure a debt or debts reverts to the grantor at the expiration of 20 years from the maturity of such debt or debts; provided, however, that if the grantee records a written renewal of the debt at any time before title reverts, title will not revert for an additional period of 20 years from the date of such renewal.

The trial court found that, under the parties' stipulation of facts, the promissory notes secured by the 1952 and 1957 security deeds have matured for periods of over 20 years. Therefore, the judge ruled that title to the two tracts conveyed by these security deeds has reverted to the grantor by operation of law, since the security deeds have not been renewed of record.

We hold that the trial court did not err in ruling that a promissory note, which is secured under the dragnet clause of a previously-executed security deed, must be entered of record under § 67-1308 in order to prevent title from reverting to the grantor at the expiration of 20 years from maturity of the original debt. Anything to the contrary expressed in or implied from the holding of this court in *Morgan v. Todd,* 214 Ga. 497 (106 SE2d 37) (1958), is disapproved and will not be followed.

*Judgment affirmed. All the Justices concur, except Marshall and Smith, JJ., who dissent and Gregory, J., not participating.*

DECIDED JANUARY 27, 1981 —
REHEARING DENIED FEBRUARY 17, 1981.

*Meals & McLaughlin, Robert N. Meals, Stan Kreimer, Jr.,* for appellant.

*Garland T. Byrd, H. Thad Crawley,* for appellees.