45799. SPEEDWAY GRADING CORPORATION v. BARROW COUNTY BOARD OF COMMISSIONERS et al.
45800. BARROW COUNTY BOARD OF COMMISSIONERS et al. v. ABERNATHY et al.
45822. SPEEDWAY GRADING CORPORATION v. ABERNATHY et al.
(373 SE2d 205)

CLARKE, Presiding Justice.

In 1980, Speedway bought three parcels of land in Barrow County for use as a landfill. The previous owners of the land had been operating a landfill on these parcels since 1978. They transferred their industrial landfill permit to Speedway, and the Environmental Protection Division of the Georgia Department of Human Resources reflected the change of ownership in its records. Between the time of purchase and January 1982, Speedway acquired eight more lots. In 1981, Speedway sought to expand its landfill and on November 9, 1981, the EPD gave preliminary approval for the site to become a state sanctioned sanitary landfill.

In December 1982, the Barrow County Board of Commissioners enacted the county's first zoning ordinance with the intention of pre-

---

serving all current land uses. On the official zoning map, Speedway's land was shown to be zoned residential rather than agricultural because of the filing of a subdivision plat for the area prior to its use as a landfill by Speedway's predecessor in title.

On November 12, 1985, Speedway received its permit from the EPD to operate its expanded sanitary landfill. In August 1987, the neighboring landowners filed a mandamus action in the Superior Court of Barrow County to require that the zoning ordinance be enforced against the operation of Speedway's landfill. The trial court granted the mandamus in December 1987. Speedway sought to have the land rezoned by the county commissioners, and upon application by the appellees, the trial court enjoined the rezoning of the site or the holding of hearings until final resolution of the appeal.

The trial court granted a temporary restraining order on February 3, 1988 and an interlocutory injunction on March 2, 1988, enjoining the Barrow County Board of Commissioners from rezoning or from hearing any application to rezone Speedway's land. In case number 45799 Speedway appeals from the interlocutory order issued March 2, 1988. In case number 45800 Barrow County appeals from the same order. In these appeals the issues are 1) the authority of the court to restrain the county's exercise of its legislative function and, 2) the granting of an interlocutory injunction to preserve the status quo. Appellants Speedway and Barrow County contend that the trial court's granting the interlocutory injunction to the neighboring landowners is an impermissible judicial intrusion into the county's legislative function. Further, appellants insist that Speedway's sanitary landfill, lawfully established prior to enactment of the zoning ordinance, is a non-conforming use of land and should be allowed to continue under the zoning code of Barrow County. Finally, they argue that the injunction was improperly granted because of an adequate remedy at law and because of appellees' failure to show irreparable harm.

In case number 45822 Speedway appeals the court's order of December 18, 1987, granting appellees a writ of mandamus. Speedway contends that the court erred in failing to find that the landfill was a pre-existing nonconforming use. Speedway also contends that the writ of mandamus was not an appropriate legal remedy to compel the acts requested by appellees. On the other hand, appellees contend that the trial court did not err in granting appellees' petition for mandamus and in finding the landfill an illegal and invalid pre-existing, nonconforming use which may not continue under the zoning and land development ordinances of Barrow County. Appellees insist that the EPD permit under which the landfill has operated since 1980 is invalid. Appellees also contend that Speedway has expanded the nonconforming use of the landfill to occupy a greater area of land in violation of

the land development ordinance. Finally, appellees argue that mandamus is the *only* remedy available to them and that they are entitled to mandamus because Speedway has acquired no vested rights in the development of the property.

1. Pretermitting the questions of whether the county intended to zone the land containing the landfill residential and the correctness of the trial court's finding that the landfill could not be continued as a pre-existing, non-conforming use, we address the application of the remedy of mandamus to this situation.

> While a writ of mandamus will issue to compel a due performance of specific official duties, it will not lie to compel a general course of conduct or the performance of continuous duties nor will it lie where the court issuing the writ would have to undertake to oversee and control the general course of official conduct of the party to whom the writ is directed.

*Solomon v. Brown*, 218 Ga. 508, 509 (128 SE2d 735) (1962). The issuance of the writ of mandamus in this case would mandate a course of conduct by county officials. Mandamus is a remedy designed to compel the doing of ministerial acts. Mandamus is not an appropriate remedy to compel the undoing of acts already done or to compel the exercise of official discretion. *Wilson v. Sanders*, 222 Ga. 681 (151 SE2d 703) (1966). A further requirement for the issuance of the writ is that there be no adequate legal remedy. *Solomon v. Brown*, supra. Since an action for public nuisance would provide an adequate legal remedy here, this is an additional reason to find mandamus inappropriate.

2. We find that the granting of an interlocutory injunction to appellees preventing Barrow County from rezoning the property or from holding hearings on the question of rezoning until the final adjudication of the case is an unwarranted intrusion into the legislative function of the Barrow County Commission. Acting in its capacity as a zoning body, the Barrow County Commission was performing a legislative function. *Hall Paving Co. v. Hall County*, 237 Ga. 14 (226 SE2d 728) (1976). The power of the courts in zoning matters is limited to a consideration of the constitutionality of a zoning decision. *Hall Paving Co.*, supra. The court has no authority to interfere in zoning decisions in which there has been no constitutional attack. The anticipatory interference here violates the separation of powers of government. *Wilson v. Sanders*, supra.

*Judgment in Cases 45799, 45800, and 45822 reversed. All the Justices concur.*

DECIDED OCTOBER 26, 1988 — RECONSIDERATION DENIED NOVEMBER 22, 1988.

*Edward D. Tolley, Dan A. Aldridge,* for Speedway Grading.
*William D. Healan, Jr.,* for Barrow County et al.
*William F. Brogdon,* for Abernathy et al.