S99A1827. BRISSEY v. ELLISON et al.
(526 SE2d 851)

BENHAM, Chief Justice.

Appellant Thomas E. Brissey, a resident of Glynn County, Georgia, filed a petition for writ of mandamus in the Superior Court of Glynn County, seeking an order compelling the superior court clerk to cancel all notices of federal tax liens recorded in the Superior Court of Glynn County.[1] The petition for mandamus was based on appellant's assertion that the notices' recordation violated OCGA § 44-14-572 because the notices were "uncertified."[2] After the trial court joined the Internal Revenue Service as a party defendant, the case was removed from the superior court to the United States District Court for the Southern District of Georgia. That court, noting that none of the four notices of federal tax liens attached to Brissey's complaint had been filed against Brissey, found that Brissey lacked standing to maintain the action in federal court under Article III of the U. S. Constitution and remanded the matter to the Superior Court of Glynn County. The superior court then dismissed the petition for mandamus after concluding that Brissey lacked standing to bring the action since he was not challenging federal tax liens filed against him.[3] Contending that he has standing under OCGA § 9-6-

---

[6] Id. See note 2 and accompanying text.
[1] Appellant's petition sought "an Order canceling all federal tax liens of [Glynn] County, and/or . . . [a] Writ of Mandamus requiring the Defendant Clerk . . . to cancel of record all uncertified federal tax liens."
[2] OCGA § 44-14-572 states: "Certification by the secretary of the treasury of the United States or his delegate of notices of liens, certificates, or other notices affecting tax liens entitles them to be filed; and no other attestation, certification, or acknowledgment is necessary."
[3] After ruling that Brissey lacked standing to bring the mandamus action, the trial

24, Brissey appealed the judgment entered on the order of dismissal.

A writ of mandamus may issue to compel a due performance of an official duty. OCGA § 9-6-20. It is "the remedy for inaction of a public official." *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533 (4) (266 SE2d 157) (1980). In most instances in which a writ of mandamus is sought, the petitioner must have a heightened interest in the outcome in order to have standing to bring the petition: to enforce by mandamus a corporation's performance of a public duty, an individual must have a "special interest" (OCGA § 9-6-23); to use mandamus to enforce a private right, one must show a pecuniary loss not compensable in damages. OCGA § 9-6-25. However, OCGA § 9-6-24, upon which appellant Brissey relies, confers standing to seek mandamus on one who does not have a "special interest" in the circumstances that give rise to the petition for judicial relief: "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that a plaintiff is interested in having the laws executed and the duty in question enforced." OCGA § 9-6-24. The statute is the codification of a principle set out in *Bd. of Commrs. of Manchester v. Montgomery*, 170 Ga. 361 (153 SE 34) (1930) (see *Head v. Browning*, 215 Ga. 263 (2) (109 SE2d 798) (1959)), whereby a citizen/resident/taxpayer whose "interest" is in having the laws executed and a public duty enforced may turn to the judicial branch to seek to compel or enjoin[4] the actions of one who discharges public duties "where the question is one of public right and the object is to procure the enforcement of a public duty. . . ." See, e.g., *Arneson v. Bd. of Trustees of the Employees' Retirement System of Ga.*, 257 Ga. 579 (361 SE2d 805) (1987); *League of Women Voters v. City of Atlanta*, 245 Ga. 301 (1) (264 SE2d 859) (1980); *Stephens v. Moran*, 221 Ga. 4 (1) (142 SE2d 845) (1965). But see *DeKalb County v. Druid Hills Civic Assn.*, 269 Ga. 619 (502 SE2d 719) (1998); *Tate v. Stephens*, 245 Ga. 519 (265 SE2d 811) (1980) (special interest needed to contest zoning determinations).

In the case at bar, appellant Brissey's petition for writ of mandamus does not meet the necessary prerequisites to exercise § 9-6-24

court noted that Brissey would not be entitled to a writ of mandamus because those against whom improperly-filed tax liens had been filed had a legal remedy under federal law to remove the liens. The trial court also stated its expectation that the superior court clerk would verify that all federal tax liens submitted to the clerk for filing had been properly certified.

[4] While OCGA § 9-6-24 has been codified in the "Mandamus" article of Chapter 6 of Title 9, this Court has held that its principles are not confined to mandamus cases, and has authorized its use as a basis for standing to seek injunctive relief to restrain allegedly ultra vires acts of public officials where the question is one of public right and the object is to procure enforcement of a public duty. *Moore v. Robinson*, 206 Ga. 27 (55 SE2d 711) (1949). See also *Head v. Browning*, supra, 215 Ga. 263 (2).

standing. The petition does not seek to procure the enforcement of a public duty; rather, it seeks to compel action to correct what appellant believed to be the wrongful filing of uncertified tax liens. "Mandamus is not the proper remedy to compel the 'undoing of acts already done or the correction of wrongs already perpetrated. . . .' [Cit.]" *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, supra, 245 Ga. at 540. See also *Atlanta Independent School Sys. v. Lane*, 266 Ga. 657 (6) (469 SE2d 22) (1996); *Speedway Grading Corp. v. Barrow County Bd. of Commrs.*, 258 Ga. 693 (1) (373 SE2d 205) (1988). Accordingly, following the rationale that a judgment right for any reason will be affirmed (*State of Ga. v. Cafe Erotica*, 270 Ga. 97 (3) (d) (507 SE2d 732) (1998)), we affirm the trial court's dismissal of appellant's petition for writ of mandamus.

*Judgment affirmed. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I concur in the court's judgment. I also note that there is an additional reason that the trial court must be affirmed. Brissey seeks to have the federal tax liens cancelled because they are not in compliance with OCGA § 44-14-572, which states that a "certification by the secretary of the treasury of the United States or his delegate" entitles federal tax liens to be filed. The eligibility for filing of a federal tax lien, however, is controlled by federal law[5] and the states are not permitted to add to the federal requirements.[6] In *United States v. Union Central Life Insurance Company*,[7] the United States Supreme Court held that states cannot impose additional requirements on the filing of federal tax liens. Similarly, other courts have addressed state statutes virtually identical to OCGA § 44-14-572 and concluded that the state-imposed requirement is invalid.[8] Therefore, the failure of the tax liens to meet an additional certification requirement imposed by state law provides no basis for the cancellation of the liens. Because Brissey's petition fails to state a basis for relief, the trial court properly dismissed it.

I am authorized to state that Justice Carley joins in this concurrence.

DECIDED JANUARY 31, 2000.

Thomas E. Brissey, *pro se.*

---

[5] 26 U.S.C. § 6323 (f).

[6] 26 U.S.C. § 6323 (f) (3).

[7] 368 U.S. 291 (82 SC 349, 7 LE2d 294) (1961).

[8] *Krueger v. Kennedy*, No. 2:96-CV-109 (1998 WL 641985) (W.D. Mich. 1998); *Cleveland v. United States*, No. CV94-157-BLG-JDS (1995 WL 710780) (D. Mont. 1995).

*Harry D. Dixon, U. S. Attorney, Melissa S. Mundell, Assistant U. S. Attorney, W. Gary Moore, Brian P. Kaufman, Charles F. Marshall,* for appellees.