23636.   OGLETREE HATCHERY, INC. et al. v.
JOHN W. ESHELMAN & SONS, INC.

QUILLIAN, Justice.   Rule 53 of this court reads: "No application for certiorari will be filed by the clerk or considered by the court unless accompanied by a certificate of counsel that he verily believes that the case is one which is contemplated by the rules of this court pertaining to certiorari, and that it does not fall within the class of those prohibited by the rules of this court." 220 Ga. 921.   After the writ of certiorari was granted in the present case a motion to dismiss the same was insisted upon by counsel for the defendant in certiorari upon the ground that the above quoted rule had not been complied with.   The certificate filed in this court simply stated: "Counsel for applicant hereby certify that upon careful examination of the opinion of the Court of Appeals rendered in the above stated case that I believe that the facts, statutes and decisions therein referred to have been overlooked and that such provisions of law are controlling authority and have been erroneously construed or misapplied."   This is not substantial compliance with the requirement of the rule that counsel for the applicant certify that "he verily believes that the case is one which is contemplated by the rules of this court pertaining to certiorari, and that it does not fall within the class of those prohibited by the rules of this court."

The plaintiff in certiorari, some four months after the date of the final order of the Court of Appeals, sought to amend his application for the writ by attaching thereto a certificate in proper form.   This comes too late, because the clerk was without authority to file the application for certiorari and this court does not have, and has never had, jurisdiction of the same.   We also note that no authority is granted in our rules for the amendment of the certificate provided in Rule 53.   Hence, we are compelled to dismiss the application for the writ of certiorari.

*Application dismissed.   All the Justices concur.*

ARGUED OCTOBER 10, 1966—DECIDED OCTOBER 20, 1966.

*Reed & Dunn, Robert J. Reed,* for appellants.
*Kenyon & Gunter, E. D. Kenyon,* for appellee.