26159. TINGLE v. TINGLE et al.

Argued November 10, 1970—Decided December 3, 1970—
Rehearing denied December 17, 1970.

*William G. McRae,* for appellant.

*Arnold & Cate, Harold Sheats, Howard & Storey,* for appellees.

GRICE, Justice. This appeal stems from the request of the parties that the trial court construe certain instruments in a transaction and declare the rights of the parties with reference thereto.

The litigation began when Mary Alice Tingle and Mrs. W. D. McDonald, individually and as attorney in fact for Mary Alice Tingle, filed suit in the Superior Court of Fulton County against her nephew, Ben F. Tingle, III, and other defendants, including three banking institutions, seeking various forms of relief including cancellation of certain warranty deeds executed by Mary Alice Tingle individually, and as sole owner and president of Campbell-Chandler, Inc., to Ben F. Tingle, III, or in the alternative that said documents be declared to be security instruments. One of these warranty deeds, executed on January 20, 1967, sought to convey property in DeKalb County, Georgia, and another of the deeds, executed on January 26, 1967, purported to convey property in Clayton County, Georgia. Another embodied property in the State of Alabama, but it is not involved in this appeal. The plaintiff alleged that the deeds were the result of fraud and undue influence, and were without any consideration.

Subsequently, changes in parties took place. Mary Alice Tingle was adjudged incompetent and her guardian was substituted for her. Mrs. McDonald dismissed the action against several defendants not necessary to name here.

The deeds to the DeKalb County and Clayton County properties were executed in connection with the terms of an agreement between Mary Alice Tingle and Ben F. Tingle, III, dated February 17, 1967. The material parts of these will be hereinafter set forth.

The defendant Ben F. Tingle, III, answered by denying the material allegations of the complaint and alleged his legal position as to the transaction. The other defendants answered in particulars not necessary to recite here.

Upon application of the parties, the trial court construed this agreement. It held, insofar as relevant here, that the agreement and the deeds to the DeKalb and Clayton County properties constituted only one transaction; and without any extrinsic evidence being introduced, it held that the parties intended the warranty deeds to be security deeds, and not deeds of outright bargain and sale. This judgment was certified for immediate review.

The terms of the agreement, referred to above, insofar as material here, are those which follow.

Initially it recited that Mary Alice Tingle formerly owned the

DeKalb and Clayton County properties described in the two deeds above referred to, executed on January 20, 1967, and January 26, 1967, respectively. It next stated that Mary Alice Tingle incurred two indebtednesses to A. J. Shelfer totalling $55,000, secured by deeds to secure debt, covering the DeKalb County property conveyed to Ben F. Tingle, III, as aforesaid; that she had also incurred an indebtedness to Burton Realty Co. by virtue of a judgment for $11,546.75; that the holders of these indebtednesses were threatening to foreclose and levy against her properties; that she had requested him to assist her in preventing foreclosure and levy and "to lend to [her] [his] credit" in obtaining necessary funds to pay off these debts; that they desire to enter into an agreement concerning their respective rights to the properties recently conveyed by her to him by the aforesaid deeds; and that in consideration of $1.00 each paid to the other, and the mutual promises hereinafter contained, they agreed as follows.

The agreement also provided that in order to prevent foreclosure upon the DeKalb County property Mary Alice Tingle conveyed to Ben F. Tingle, III, said properties; that he obtained a loan from the National Bank of Georgia for $65,000, which was used by him to pay off the indebtedness owed by her to A. J. Shelfer; under the terms of said loan he is required to pay off said loan in monthly instalments of $961.05, and he thereby agrees to make said loan payments to the bank as they come due; in addition, in the event she is not financially able to do so, he will pay the ad valorem taxes and any other governmental assessments which might come due against said property.

The agreement also recited that in order to prevent the threatened levy of judgment against the property of Mary Alice Tingle, and because she did not have sufficient funds to pay said judgment, she, by the aforesaid deed, caused Campbell-Chandler, Inc., to convey the Clayton County property to Ben F. Tingle, III, and he obtained a loan of $10,500 from the Bank of Fulton County, which proceeds were used by him to pay off the judgment. Under the terms of said loan he is required to repay said indebtedness to the bank in monthly instalments, and he agrees to pay them. In addition there are unpaid ad valorem taxes owed to Clayton County on said property which he paid from his funds amounting

to $348.71. In addition to repaying said loan to the Bank, he agrees to pay all ad valorem taxes and any other governmental assessments against said property which might accrue during the life of this agreement.

The agreement further stated that the parties hereto recognize that title to the properties conveyed by Mary Alice Tingle and Campbell-Chandler, Inc., to Ben F. Tingle, III, by the deeds, was conveyed for her benefit and to prevent loss of said properties through foreclosure and levy. He "has accepted the title to [the properties] and has obtained the necessary loans thereon to pay off [her] debts." With respect to the DeKalb County property, it is occupied by her as her home, "and it is recognized by the parties hereto there will be no change whatsoever in the status of said property, [she] continuing to reside upon [it] as her home during the life of this agreement. At any time during the life of this agreement, [she] shall have the right to a reconveyance by [him] to [her] of the [properties] at any time that [she] pays in full, or provides for the repayment in full, of the balance due on the said two loans obtained by [him], and pays in full all sums heretofore and hereafter advanced or expended by [him] on [her] behalf for the instalment payments of the said two loans against the properties, and any sums expended by [him] for closing costs of said loans, and all sums expended by [him] for taxes against the property and any other sums previously or hereinafter paid by [him] for [her] in conserving and protecting said property. Such right on [her] behalf shall continue during her life time. In the event [she] does not, during her lifetime, repay to [him] all sums which [he] has paid on her behalf with respect to said two loans and with respect to said property, and has not paid off or arranged for the immediate and simultaneous payment in full of the balance due on the two loans incurred by [him] on the property aforesaid, upon [her] death the aforesaid warranty deeds from [her] and Campbell-Chandler, Inc. to [him] shall be and become absolute deeds of bargain and sale, free from any implied trust and from any and all obligations of trust and reconveyance as set forth in this instrument; and [he] shall thereafter become the absolute owner of fee simple title to said [properties], subject only to any balance due on the aforesaid two loans against said properties, and any restrict-

tions and easements of record."

The agreement concluded by declaring that, "Nothing in this agreement shall prevent [Mary Alice Tingle] from entering into any bona fide sales contract with respect to the sale of the property hereinbefore conveyed by [her] and Campbell-Chandler, Inc. to Ben F. Tingle, III, and selling said property. However, any such sale shall be contingent upon [his] approval in order that [he] can be assured that his individual liability on the two loans he has obtained will be terminated upon any such sale, and also to insure that [he] shall receive reimbursement in full for all sums expended by him in obtaining the two loans mentioned hereinbefore, and in paying the instalments thereon as they come due, and in paying any other expenses and charges incident to said properties which [he] might pay or incur on [her] behalf. [He] shall keep accurate written records showing all sums expended by him on [her] behalf with respect to said properties, and will give [her] a statement thereof at reasonable intervals upon [her] request."

■ The first enumeration of error states in substance that the trial court erred in construing the several writings constituting the contract between Mary Alice Tingle and Ben F. Tingle, III, in concluding and finding as a matter of law that it was their intention that the deed from her to him conveying the DeKalb County property and the warranty deed from Campbell-Chandler, Inc., to him conveying the Clayton County property, were security deeds and not deeds of bargain and sale.

(a) In our view the trial court in the judgment under review correctly construed these deeds not to be deeds of bargain and sale. It properly held that these deeds and the agreement referred to above constituted one and the same transaction. To conclude that the deeds were absolute would be to fly into the face of several conditions which are plainly set forth in the agreement, to wit: Mary Alice Tingle's right to continue living on the DeKalb County property for the balance of her life without any legal obligation whatever; her right to a reconveyance from him upon her reimbursement to him of the amounts paid on the DeKalb and Clayton County properties; the recital that if such amounts are *not* paid at her death, that the deeds "shall be and become absolute deeds of bargain and sale" and that in that event he "shall

thereupon become the absolute owner", her right to sell said property upon reimbursement to him and termination of his liability for obligations in connection with the property; and her right to an accounting.

(b) However, we do not agree with the portion of the trial court's judgment that the transaction here involved deeds to secure debt. Nowhere in the agreement is there mention of any financial obligation on the part of Mary Alice Tingle or the corporation which she owns. For a security transaction to exist there must be the relationship of debtor and creditor. See *Galt v. Jackson*, 9 Ga. 151, *Jay v. Whelchel*, 78 Ga. 786 (3 SE 906), *Felton v. Grier*, 109 Ga. 320 (35 SE 175), *Hobbs v. Houston*, 195 Ga. 571 (24 SE2d 884). Here there was none. Mary Alice Tingle had merely rights but not duties, under the salient provisions of the agreement referred to in (a) above. In this respect the trial court erred.

(c) Rather, we conclude the transaction here to be that of conditional sale. While the deeds upon their face appeared to be absolute bargain and sale, the agreement which was the foundation of the transaction makes it quite clear that Mary Alice Tingle possessed "the right to a reconveyance" at any time that she paid Ben F. Tingle, III, for what he had expended or might thereafter expend on the property. Also the agreement was emphatic that nothing shall prevent her "from entering into any bona fide contract with respect to the sale of the property," provided she reimbursed him and assured him of no further liability. Neither of these two provisions was mandatory upon her. They were optional as far as she was concerned.

It is well established that "a conditional sale of real estate is an executed contract passing title from a grantor to a grantee subject in the first instance to specific conditions on which reconveyance is to be made to the grantor." 91 CJS 829, Vendor and Purchaser, §1 (c). In *Spence v. Steadman*, 49 Ga. 133 (2), the court held: "It is a well settled rule of law that parties may, if they please, really and truly sell property for a consideration actually passing, and at the same time secure the right to repurchase it at a future time for an agreed price, and if this be really the intent of the parties, the law will enforce it." See also *Felton v. Grier*, 109 Ga. 320, supra.

Therefore here there was an option on the part of Mary Alice Tingle to repurchase, or to sell, the consideration being reimbursement and assurance against further liability. This option may be exercised by her guardian.

(d) There was no error in construction by the trial court without extrinsic evidence. None was required since the language here was not ambiguous, but only required ascertainment of its legal effect.

■ In his second enumeration of error the appellant essentially urges that the trial court erred in its judgment in holding that here there was an excuse of a formal tender since the complaint called upon the defendant for a full accounting of all sums expended by him pursuant to said agreement and offered to do complete equity by repaying the full amount paid out by him on the transaction, as should be determined by such accounting.

This enumeration is without merit. From the allegations of the plaintiff's complaint it would appear that Mary Alice Tingle had not received any benefit that she should have restored, it alleging that the deeds were without any consideration and it praying for an accounting. Furthermore, the parties provided in the foregoing agreement that upon her request he would give her a statement of all sums expended by him at reasonable intervals.

■ The third enumeration of error is controlled by rulings in 1 and 2 above. Basically it asserts that the trial court erred in its judgment in holding, as a matter of law, that in the trial of the case the issue to be determined with reference to Mary Alice Tingle's claim to the DeKalb and Clayton County properties is the amount due from her estate to Ben F. Tingle, III, on account of their agreement. The agreement, as we construed it, gives her the option to repurchase the properties or to sell them upon paying to him any and all sums that he had or may expend, and a formal tender was excused under the circumstances here.

■ The fourth enumeration of error is likewise controlled by the rulings in 1 and 2, supra. It contends that the trial court erred in its judgment in holding, as a matter of law, that Mary Alice Tingle owns some quantity of interest in the DeKalb and Clayton County properties other than a life estate in the former. Our rulings as to option to repurchase upon repayment and excuse of tender apply here also.

*Judgment affirmed in part; reversed in part. All the Justices concur.*