47763. TINGLE v. ARNOLD, CATE & ALLEN et al.

CLARK, Judge. The instant case presents another phase in the multi-faceted litigation involving Miss Mary Alice Tingle and members of her family. Other appellate decisions are reported in *Tingle v. Tingle,* 227 Ga. 97 (179 SE2d 51); *Tingle v. Harvill,* 228 Ga. 332 (185 SE2d 539); *Tingle v. Harvill,* 125 Ga. App. 312 (187 SE2d 536); and *Tingle v. Harvill,* 230 Ga. 70 (195 SE2d 654). Of these four citations our references herein are to the second, that being *Tingle v. Harville,* 228 Ga. 332, supra. This limitation is due to the instant suit being based on the activities of the law firm in Fulton Superior Court Civil Action No. B-45815 which was begun in 1969 and was terminated by the judgment of the Supreme Court in 1971 affirming a judgment for plaintiff in that case and against Mr. Tingle.

The instant suit was filed by Ben F. Tingle, III, also known as Ben F. Tingle, Jr., who was a party litigant in the other four appeals. Here he sued the law firm of Arnold, Cate & Allen, alleging the attorneys in conspiracy with other unnamed persons solicited Miss Tingle "to present and urge, as attorneys at law, the enforcement of a demand on behalf of Mary Alice Tingle against plaintiff." (R. 2). It is averred they knew then and subsequently

that "Mary Alice Tingle was a person who was mentally incompetent, unable to understand what said attorneys were proposing to do on her behalf." (R. 2). The ten page complaint recites activities alleged to have been undertaken by the law firm revolving around their having instituted an equity suit in the Fulton Superior Court against Mr. Tingle in behalf of his aunt. This suit sought to set aside certain deeds made by the aunt to her nephew. The gravamen of the petition was an allegation that these conveyances had been obtained by "fraud, duress, mistake, misrepresentation, undue influence and coercion" as well as there having been a total failure of consideration. 228 Ga. 334.

It is further alleged the law firm partners conspired with others to cause Mrs. Gladys G. Harvill to be appointed as guardian for Miss Tingle after adjudication of the aunt's incompetency and that the guardian was substituted as party plaintiff in the pending Fulton County equity suit. The complaint also recites Miss Tingle had regained her mental health on or about December 15, 1969, and despite her desire to terminate the litigation that it was continued over her objections. Such representation is averred further to have been continued after March 9, 1971, when Miss Tingle was declared competent. The complaint contends the defendant lawyers to have breached "their duties as attorneys at law and as officers of the courts of this state, to refrain from soliciting and instituting, for personal gain, litigation against plaintiff on behalf of an incompetent person, all in violation of § 9-502, § 9-601 (5), and § 9-9901 of the Code of Georgia as amended." (R. 9). Compensatory and exemplary damages are sought.

Denials of alleged wrongful acts are contained in the answer filed on behalf of the defendant law firm along with a recital that the equity action ended in a verdict favorable to their client.

Both plaintiff and defendants filed motions for summary judgment. That filed by the plaintiff is not in contention here, the order overruling that motion reciting "that counsel for plaintiff recognized an issue of fact as to plaintiff's alleged claims and that summary judgment should not be granted to plaintiff." (R. 977.) The motion for summary judgment filed in behalf of the defendant law firm contains a total of 638 pages to which the plaintiff answered with a 32 page response. Both summary judgments include all pleadings, all depositions, a true copy of the complete and entire proceedings in the Fulton County Superior Court, and a transcript of evidence in the 1971 three

day trial of that superior court action. Plaintiff's response also includes a lengthy affidavit of Miss Tingle with her letters as exhibits. In addition to affidavits of two of the attorneys named as defendants their motion included as an exhibit the full opinion of the Supreme Court in *Tingle v. Harvill,* 228 Ga. 332, supra, wherein the verdict obtained by defendants for their client in the Fulton Superior Court action was affirmed.

This motion for summary judgment in behalf of the defendants was sustained. The instant appeal by Mr. Tingle is from that ruling.

1. Appellant limited his initial brief to the contention that there were genuine issues of material facts which would of course have precluded the rendition of a summary judgment for defendants. Code Ann. § 110-1203. See further in this connection: *Montgomery v. Pickle,* 108 Ga. App. 272 (2) (132 SE2d 818); Code Ann. § 81A-156 (c); *Watkins v. Nationwide Mut. &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749). Appellant points out the conflicts in the supporting affidavits dealing with Mary Alice Tingle having had sufficient mental capacity to contract between April 28, 1969 and May 8, 1969, and to credibility of the defendants' witnesses upon this issue and also whether or not there was a conspiracy to violate the quoted Code sections and whether or not they were violated by defendants. The record does indeed show genuine issues of material facts as to those matters but our decision to affirm the trial court is not based upon those factors. Instead we have before us a case illustrative of the purpose of the Summary Judgment Act, namely elimination of the necessity of a trial by jury where the evidence introduced by the movant has pierced the pleadings and discloses the absence of a right of recovery. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); and *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d 364).

2. Were the attorneys authorized to represent Miss Tingle and subsequently her guardian who was substituted to continue the litigation? ". . . [P]rima facie, attorneys shall be held authorized to properly represent any cause they may appear in." Code § 9-604. While this presumption is rebuttable by the party for whom the attorney purports to act (*Jackson v. Jackson,* 199 Ga. 716, 719 (35 SE2d 258)), our Supreme Court has established precedents as to the manner and time in which the party sued may question the right of the lawyer to act. "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." Code Ann. § 2-3708. This presumption can only be rebutted in the

manner provided in the statute. *Lester v. McIntosh,* 101 Ga. 675 (2) (29 SE 7); *Planters & People's Mut. &c. Assn. v. DeLoach,* 113 Ga. 802 (39 SE 466); *Workingmen's Union Assn. v. Reynolds,* 135 Ga. 5, 7 (68 SE2d 697). As to time, it is too late after judgment for the defendant to question the authority of attorneys who appeared on behalf of the plaintiff. *Felker v. Johnson,* 189 Ga. 797 (2) (7 SE2d 668). In this latter case (p. 802) the Supreme Court says: "We find no case in this state wherein a defendant has, after judgment, questioned the authority of the attorneys who appeared in the trial on behalf of the plaintiff. It seems clear, however, that this is an effort to set up a matter which should have been inquired into at the trial." See *Harrell v. Williams,* 14 Ga. App. 171 (2) (80 SE 534), where our court ruled that "the presumption that the attorneys had authority to represent the clients for whom they appeared is conclusive, in the absence of direct attack upon their authority made in a proceeding in which they are parties and have an opportunity to be heard."

3. We next deal with the question of the alleged solicitation in violation of Code §§ 9-502, 9-601 (5) and 9-9901. Section 9-502 provides for disbarment of an attorney at law who solicits legal employment. Section 9-9901 makes it a crime for an attorney at law to solicit business. As the instant action is neither for disbarment nor a prosecution for barratry we do not regard those Code sections as relevant to the instant suit. Neither provision was established by the legislature for the purpose of providing a basis for a suit. In *Bush v. Morris,* 123 Ga. App. 497 (181 SE2d 503) this court dealt with a somewhat analogous situation with a holding that the legislative enactment forbidding district attorneys to engage in private practice was not intended to create a right to a civil action by the losing defendant against the district attorney nor against a trial judge who had knowledge of his district attorney's disqualification.

Similarly, it is clear the legislature did not intend to create a private cause of action by the statute codified as Code § 9-601 wherein are enumerated the special duties of attorneys at law. A reading of its provisions designating six special duties for the conduct of barristers shows an intention to provide ethical guidelines for attorneys in their capacity as officers of the court, violation of which would be within the inherent power of the courts to handle through contempt proceedings. The first duty is "To maintain the respect due to courts of justice and judicial officers" with the remaining directives being consonant

therewith concluding with the mandate compatible with our traditional canons of ethics: "Never to reject, for a consideration personal to themselves, the cause of the defenseless or oppressed." It is obvious breach of these directives could not be the basis for a civil suit against the legal advocate.

4. Our views in sustaining the trial court's judgment in this case are substantiated through a reading of the unanimous Supreme Court opinion in *Tingle v. Harvill,* 228 Ga. 332, supra. This opinion is set out in full as Exhibit 6 in the law firm's summary judgment motion. It must be remembered this appeal ended the Fulton County equity suit adversely to Mr. Tingle. It was allegedly the solicitation by members of the firm of Arnold, Cate & Allen that engendered the equity action that serves as the basis for the instant complaint. That suit sought to invalidate deeds to certain properties made by Miss Tingle to her nephew. The allegation was that these warranty deeds were obtained by fraud, duress, mistake, misrepresentation, undue influence and coercion. See 228 Ga. 332, 334. The Supreme Court ruled the evidence authorized the trial court's charging on these issues. There was an affirmance of the judgment which had been obtained by these attorneys in the Fulton Superior Court equity action. The decision points out at p. 337 that Mrs. Harvill as guardian was substituted as party plaintiff and that "once Mrs. Harvill decided to go forward with the case as she found it, it became a moot point whether Miss Tingle had been competent to give to Mrs. McDonald the power of attorney whereby she filed suit on Miss Tingle's behalf." Also, the record before us shows that William H. Cate of the law firm named here as defendant was appointed to act as attorney at law for the guardian by order of the Ordinary of Fulton County. (R. 224).

In short, we have here a party sued for alleged fraud and after a jury verdict against him affirmed by the Supreme Court he seeks to sue the attorneys for their handling of the case which they won for their client on the basis of a charge that these lawyers had solicited that case. The trial judge here correctly granted the summary judgment for defendants.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED JANUARY 5, 1973 — DECIDED APRIL 4, 1973 — REHEARING DENIED MAY 24, 1973 —

*William G. McRae,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Robert B. Wedge,* for appellees.

ON MOTION FOR REHEARING.

1. Although the rehearing motion was timely filed counsel failed to furnish the personal professional opinion certificate required by our Rule 33 (g), Code Ann. § 24-3633 (g). After appellees pointed out this defect in their opposition brief the requisite attorney's certificate was promptly filed by amendment. Under these circumstances we hold the rules of this court have been satisfied and we should consider appellant's rehearing motion. The two cases cited by appellees' attorney are not applicable here. *Hemphill v. Home Ins. Co.,* 121 Ga. App. 458 (174 SE2d 251) ruled a failure to meet our ten days filing requirements was fatal. *Ogletree Hatchery v. John W. Eshelman & Sons,* 222 Ga. 634 (151 SE2d 710) dealt with a Supreme Court requirement on certiorari application.

Movant's counsel describes his failure to attach the required certificate as being "inexcusable neglect of counsel," and voluntarily subjects himself to a penalty for contempt under Rule 35 (Code Ann. § 24-3635). We do not accept this mea culpa plea. The size of the record, the legal and factual complexities involved, and the zeal of a dedicated advocate in representation of his client as shown in this case warrant our declining to consider counsel's inadvertent oversight as having amounted to contempt of court.

2. Movant argues there was an oversight in the original opinion because there was no final judgment rendered in the Fulton County equity suit after the ruling of the Supreme Court in *Tingle v. Harvill,* 228 Ga. 332 (185 SE2d 539). There is attached to the motion for rehearing a certified copy of an order of dismissal in Civil Action No. B-45815, which is dated January 9, 1973. That date is almost 2 1/2 months after this appeal was docketed in our court and four days after oral argument before us. We are not authorized to consider that 1973 judgment as we are limited to the record in the case sub judice. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. See *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88)." *Jenkins v. Board of Zoning &c. of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204). See also *Hunt v. Denby,* 128 Ga. App. 523 (197 SE2d 489).

Additionally we note the summary judgment motion submitted by the defendant which we affirmed in our original opinion stated that there was made a part thereof a "true copy of the *complete and entire* record and proceedings in the case of Mrs. Gladys G. Harvill, Guardian, of the person and property of Mary Alice Tingle v. Ben F. Tingle, III, et al., Civil Action B-45815, Fulton Superior Court, Fulton County, Georgia, certified copy of which is attached hereto as Exhibit 4." (R. 208.) (Emphasis supplied.) In his response opposing such motion for summary judgment in behalf of defendants the plaintiff adopted the identical language. (R. 946). Thus appellant and appellee both relied upon the same supporting material in this respect in both the trial court and our court.

3. Movant argues we overlooked an allegation in the affidavit of Mary Alice Tingle attached to the response of plaintiff to motion of defendants for summary judgment in that Judge Gunby as Ordinary of Fulton County had signed an order that he was disqualified to act in the case because of the interest of the sister of the ordinary. As there is no dispute that Gladys Harvill was the lawful guardian and legally substituted as party plaintiff in the Fulton Superior Court equity action without a challenge thereto, the order signed by the ordinary appointing William H. Cate as attorney for the guardian was unnecessary. " A guardian is authorized to provide for the estate of his ward competent legal counsel, according to the needs of the ward he represents." Code Ann. § 49-241; Ga. L. 1967, p. 717. See also the recently decided case of *Dowdy v. Jordan,* 128 Ga. App. 200 (3) (196 SE2d 160).

4. Movant argues we overlooked that the "law of the case" was made by the overruling of defendants' motion to dismiss which was filed as one of the defensive pleadings to the complaint. It was unnecessary for us to deal with this as the legal theory presented by the defendants' motion for summary judgment rebutted the case submitted in the complaint and constituted a showing that the defendants were entitled to judgment. It should be noted plaintiff also filed a motion for summary judgment but his position did not support judgment in his behalf as the order overruling his summary judgment motion recited that "Counsel for plaintiff recognized an issue of fact as to plaintiff's alleged claims and that summary judgment should not be granted to plaintiff." (R. 977). Accordingly, the case did not come to this court on the basis of the facts contained in the complaint but on the theory of law contained in the summary judgment motion filed by appellees.

*Judgment adhered to.*