MILLER, trustee, *et al.* v. SMYTHE.

1. Where a trustee legally and rightfully assumes in his representative capacity the relation of landlord, he is liable, in that capacity, to answer to the tenant for the violation of any duty which the general law attaches as an incident to that relation. Accordingly, where a trustee, duly authorized, rented a store belonging to the trust estate, and in the contract of rental agreed to keep the shelving in the store in thorough order and repair, the trust estate is liable for damages occasioned by his failure so to do.
2. Whether or not there was negligence on the part of the plaintiff causing or contributing to the injury complained of, is a question for the jury, the declaration imputing negligence to the defendants, and not conceding directly, or by necessary implication, any on the part of the plaintiff.
June 5, 1893.

Action for damages. Before Judge EVE. City court of Richmond county. November term, 1892.

The declaration alleged: Plaintiff rented from the trustee and was in possession of a store described, and the shelving against the walls therein, from October 1, 1890, to October 1, 1891, for carrying on the crockery business therein, which was known to defendants, for $1,500 per year, the trustee agreeing to keep the store and shelving in thorough order and repair. Plaintiff carried a large stock and placed and displayed it upon the counters and shelving, and on November 12, 1890, had a large quantity of the goods upon the shelves placed against the western wall of the store, when, without cause or negligence on her part, the shelving broke and fell, and destroyed a large quantity of her stock which had been placed thereon for safety and display in the usual course of business. At the time of the renting of the store the shelving was rented with it, and was to all outward appearance in good condition and suited to the use intended; but for some reason unknown to plaintiff, it bulged out from the wall half an inch, in which condition the attention of her landlord was called thereto by her as soon as it was discovered, and he agreed to fix it, but before doing so it fell. He agreed to make all repairs to keep the store in the condition in which it was rented. The notice mentioned was given him some time in the summer after she had rerented for the next year, to strengthen the shelving in the store, and a day or so before the bulging was discovered, notice was again given to him and he agreed to fix it, but did not do so at the very time it was necessary. In the contract of rental he did not allow her to make the repairs for him. A short time prior to the fall, her agent in charge of the store inspected the shelving, came to the opinion it was not strong enough, called upon Miller, brought him to the store and showed him the same. Miller said it was secure, but that in any event he would have it repaired and strengthened, since it had been there some time.

Petitioner relied upon his promise, but Miller never carried it out and failed to keep the shelving in proper repair. Petitioner did not put upon the shelving any greater strain than had been put upon it many times before, but after discovering the bulging lightened the weight on the shelving; but notwithstanding this precaution the shelving fell and broke other goods placed on tables in front of the shelving, by means whereof her business was interrupted, goods destroyed, etc., to her damage $2,500. The declaration described the manner in which the trust estate was created, and alleged that the store and property of the estate were worth $15,000, yielded a net income of about $1,800, and an encroachment upon the *corpus* was necessary and proper in order to pay petitioner's damages; that the financial condition in life of the *cestui que trust* was of the best, and her wants not sufficient to absorb all of the income; that her husband was well off and they had no children. The terms of the trust deed were set forth, and it was alleged that the trustee had authority under it to buy or sell privately or publicly, and otherwise manage and control the trust estate at his discretion; that the estate and *cestui que trust* obtained the benefit of the contract of rental and have received the rental from petitioner, including the year in which the loss occurred, and failed to keep the store and shelving in repair as required by law and the contract of rental.

The defendants demurred on the grounds, that the declaration set out no cause of action; that the trust estate was not liable for the alleged acts of the trustee, but the trustee was individually liable, if any one was; and that the declaration showed plaintiff was guilty of such negligence she cannot recover.

J. R. LAMAR, for plaintiff in error.
W. K. MILLER, *contra.*

Lumpkin, Justice.

1. The error complained of is the overruling of a demurrer to the plaintiff's declaration. The substance of the declaration and of the demurrer thereto will be found in the reporter's statement. The main contention of the plaintiff in error was, that a trust estate could not be subjected to damages resulting from the negligence of the trustee, whether the same be regarded as a breach of contract, or as a breach of duty amounting to a tort. It was insisted that under section 3377 of the code, there could be no recovery against a trust estate except "for services rendered to said estate, or for articles, or property, or money, furnished for the use of said estate." The section declares that any person having against a trust estate a claim of the kind indicated by the words just quoted, "or where a court of equity would render said estate liable" may proceed at law for the collection of the debt. The words last quoted are of considerable importance, and the entire section simply means that any person having a valid claim against a trust estate may collect and enforce the payment of the same without resorting to a court of equity, and the section does not limit the liability of trust estates to the payment of such claims only as are indicated by the words first quoted. Besides, under the uniform procedure act of October 24th, 1887, there can be no doubt of the right to proceed by a petition at law, with proper allegations, to enforce any kind of a just demand against a trust estate.

The real question therefore, is: can the trust estate in the present case be made liable for damages occasioned by the failure of the trustee to repair and put in safe condition the shelving in the store rented to the plaintiff? It will be observed that the declaration expressly alleges the trustee agreed to keep the store and shelving in thorough order and repair. Even without

this distinct agreement, it would, under section 2284 of the code, have been the duty of the trustee, as landlord, to keep the premises in proper repair. There can be no doubt that Mr. Miller, as trustee, had authority to rent the premises to the plaintiff. He therefore legally and rightfully, in his capacity as trustee, assumed the relation of landlord; and this being true, it is, to our minds, a plain proposition, both of law and of justice, that he was bound to perform the duty, enjoined by statute upon all landlords, of keeping the premises in repair, and especially so when he expressly undertook by agreement with his tenant so to do. It follows necessarily that he is, in his representative capacity, liable to the plaintiff for a violation of this duty and of the contract he made in pursuance thereof. And this is right; because the trust estate obtained the benefit of the contract made by the trustee, and should, as to the tenant, bear whatever burden the law imposes upon landlords. As to the ultimate liability, if any, of the trustee to the *cestui que trust* for his failure to perform his duty in the respect indicated, we are not now called upon to determine. We simply hold that if the plaintiff supports by evidence the allegations of her declaration, she is entitled to a judgment subjecting the trust estate to whatever damages she may have sustained.

2. It was also contended that the plaintiff ought not to recover, because her declaration sets forth facts which show that her own negligence either wholly caused, or very largely contributed to, the injury complained of. We do not think this a fair construction of the declaration. It expressly alleges that, "without cause or negligence on her part, the said shelving broke, fell down, and destroyed a large quantity of her stock," etc. In view of this allegation, and also of the fact that the declaration nowhere concedes, either directly or by necessary implication, that there was any fault or neg-

ligence on her part, it is, in our opinion, a question for the determination of a jury as to whether or not her conduct caused the injury, or contributed thereto, and if so, to what extent.  *Judgment affirmed.*