## 42059. CRAFTON v. LIVINGSTON.

HALL, Judge. The defendant in this negligence action appeals from a judgment for the plaintiff and enumerates as error orders overruling his demurrers to the plaintiff's petition and overruling his motion for new trial.

1. The petition alleged that the plaintiff was injured when he was squatting down working at a water meter in the driveway and parking area of a store, and an automobile parked there backed into him. We cannot say as a matter of law that the allegations of the petition show that the plaintiff was lacking in ordinary care for his own safety, or that any negligence of the plaintiff was equal to or greater than the alleged negligence of the defendant, or that the plaintiff in the exercise of ordinary care could have apprehended and avoided the consequences of any negligence of the defendant. *Miller v. Smythe*, 92 Ga. 154 (18 SE 46); *Harvey v. Zell*, 87 Ga. App. 280, 284 (73 SE2d 605). The trial court did not err in overruling the defendant's general demurrer, or in overruling any of the special demurrers.

2. The defensive pleadings made the issue that the plaintiff failed to exercise ordinary care by knowingly endangering himself, and that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence. The court charged the jury on these issues but refused the defendant's request to charge on comparative negligence. Since the evidence created issues on the defenses that the plaintiff failed to exercise ordinary care, the trial court erred in refusing upon request to charge the jury on the application of the comparative negligence rule. *Code Ann.* § 70-207; *Southern Express Co. v. Hughes,* 23 Ga. App. 224 (97 SE 860).

3. The trial court erred in admitting evidence of conversations between the plaintiff and witnesses, in which the plaintiff told the witnesses that he was in an accident and was not able to do some refrigeration work for them; that he was sick, couldn't do any lifting, had his back hurt and couldn't move it, over the defendant's objection that the plaintiff's statements were self-serving declarations. *Atlanta St. R. Co. v. Walker,* 93 Ga. 462, 467 (21 SE 48) ; *Goodwyn v. Central of Ga. R. Co.,* 2 Ga. App. 470 (1) (58 SE 688) ; *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 137 (91 SE2d 96) ; cf. *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 74 (123 SE2d 693) ; Green, Georgia Law of Evidence 607, §§ 310, 311.

4. The trial court did not err in admitting testimony of a witness, who had in his employment for 8 years read the water meter at which the plaintiff was working when he was injured, that in reading the meter he had never used any signs or safety measures, over the defendant's objection that what safety measures some particular person used was irrelevant and immaterial. Accord, *Auld v. Southern R. Co.,* 136 Ga. 266 (71 SE 426, 37 LRA (NS) 518) ; *Youmans Jewelry Co. v. Blackshear Bank,* 141 Ga. 357, 359 (80 SE 1005) ; *Southern R. Co. v. Woodward,* 39 Ga. App. 173, 178 (146 SE 561) ; *Central of Ga. R. Co. v. Greene & Co.,* 41 Ga. App. 794, 802 (154 SE 809) ; *Co-op Cab Co. v. Preston,* 67 Ga. App. 580, 581 (21 SE2d 251) ; Green, Georgia Law of Evidence 169, § 67; 2 Harper & James, The Law of Torts 977, § 17.3; Prosser on Torts (2d Ed.) 137, § 32; 38 Am. Jur. 1015, Negligence, § 317; Anno. 137 ALR 611; but see *Metropolitan R. Co. v. Johnson,* 91 Ga. 466, 471 (18 SE 816) ; *Justice v. Davis,* 62 Ga. App. 872, 877 (10 SE2d 267).

5. The trial court did not err in refusing to charge the jury a request to charge that was not perfectly apt and precisely

adjusted to the case. *Lewis v. State*, 196 Ga. 755, 769 (27 SE2d 659); *Boykin v. Parker*, 108 Ga. App. 718, 721 (134 SE2d 531).

6. The trial court did not err in admitting evidence, over the objection that it was hearsay, of a statement made in the presence of both the plaintiff and the defendant by another person at the scene when the plaintiff was injured. *Griffin v. Cleghorn, Herring & Co.*, 63 Ga. 384; *Kryder v. State*, 57 Ga. App. 200, 203 (194 SE 890).

Enumerations of error in overruling grounds 6 through 15 and 17 of the motion for new trial are without merit. Moreover, most of the errors alleged in these enumerations should not occur when the case is retried under the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31, as amended by Ga. L. 1966, p. 493).

*Judgment reversed for the reasons stated in Divisions 2 and 3. Nichols, P. J., and Deen, J., concur.*

ARGUED JUNE 8, 1966—DECIDED JULY 12, 1966—
REHEARING DENIED JULY 22, 1966.

*Nelson & Nelson, Carl K. Nelson, Jr.*, for appellant.
*Beverly B. Hayes, E. L. Stephens, Jr.*, for appellee.