## 47928. SOUTHERN STATES, INC. v. THOMASON.

ARGUED FEBRUARY 8, 1973 — DECIDED APRIL 2, 1973.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Joe H. Bynum, Michael D. Brooks, Tom Lewis,* for appellee.

CLARK, Judge. For determination here is the grant of a new trial upon a single special ground, that being stated to be an error in having included the principle of comparative negligence in the jury charge.

Plaintiff Thomason sued Southern States, Inc. for personal injuries sustained while making a delivery of uniforms on defendant's property. Plaintiff had driven his panel truck into a private driveway which was used for loading and other operations. He descended and proceeded around the vehicle to the rear and was there, "one foot was on the ground and one [foot] was on the bumper" (T. 18), when defendant's loaded truck backed into plaintiff's panel truck. There were conflicting versions in the testimony with plaintiff acknowledging he had seen a fork-lift in the driveway in front of his parked panel truck but denying the presence of the truck

which actually collided with his vehicle. Additional differences exist in the transcript with reference to the safety of the location where plaintiff had parked his truck.

After a verdict had been returned for plaintiff who was disappointed with the amount of the award, he filed a motion for new trial on general grounds plus two special grounds. One of the special grounds complained of the inadequacy of the amount of the verdict. The other special ground is not involved in this appeal.

After several continuances the court entered an order granting a new trial. Some few days thereafter this initial grant was withdrawn and the decision vacated, the court stating this to have been done "In order that the record might reflect the proper and correct ruling of the court and the reason therefor." This new order recited the plaintiff's motion for new trial was granted "solely on the grounds that it is the opinion of this court that it committed harmful error in charging the jury on the question of comparative negligence . . . all of the other grounds for motion for new trial are overruled." (R. 59). Movant had not raised this contention as error.

Defendant has taken this appeal from that judgment accompanied by an immediate review certificate signed by the trial judge pursuant to Code Ann. § 6-701 (a) (2).

■ The plaintiff-appellee's brief contends the defendant-appellant has failed to show that the judge abused his discretion in this first grant of a new trial relying upon Code § 6-1608. This principle does not apply here where the trial judge did not grant the new trial on general grounds. "The first grant of a new trial, unless on discretionary grounds, is reviewable by this court." *Rice v. Matthews,* 104 Ga. App. 593 (1) (122 SE2d 175). See also Code § 70-208; Code Ann. § 81A-150 (c) (1). It should be noted here that the trial judge specifically overruled the general grounds and also the special grounds including that which complained of the inadequacy of the verdict.

■ It is with considerable reluctance that this court reverses the trial judge in the present instance. We have generally observed Georgia's trial judges to be zealous in their efforts to make certain that litigants obtain fair trials. Seldom, however, do we have a situation as here in which there is no complaint from counsel as to an error in the charge either at the trial or as a part of his new trial motion and yet the jurist on his own volition concludes he himself erred. As the instant appeal is accompanied by the trial judge's immediate review certificate he has now shifted to us the burden of deciding which of his decisions was correct. As our late President Truman's desk-sign stated: "The buck stops here."

Our study of the transcript of the two-day trial has convinced us the trial judge's original charge properly included the principle of comparative negligence because the pleadings, the specific request to charge, and the evidence required this. For the general law on this subject see Code § 105-603 and the annotations thereunder.

Specifically the testimony of the plaintiff was that while he had seen a fork-lift truck backing up in the driveway (T. 4) he denied seeing the truck which backed into him. An eyewitness who was using the fork loader to load slag on the defendant's truck testified in direct contradiction to plaintiff's version: "Q. Did the panel truck pull up behind the dump truck as the dump truck was backing up? A. Yes, sir, he pulled up there while I was going back. Q. Did you see this boy in the panel truck get out of the panel truck? A. Yes, sir, I seen him when he went around the truck. That's what made me start to yelling and I thought he would look back at me. Q. He didn't look back though? A. No sir, he went around and went in the truck." (T. 83). The truck driver whose vehicle backed into plaintiff's panel truck testified it was not behind him when he began to back his vehicle (T. 34).

The plaintiff's own testimony with reference to his observing the fork-lift truck backing up the driveway

towards his vehicle in this noisy area along with other factors raised a question of his having exercised the required degree of ordinary care in the selection of his parking site.

In further support of our views we note the manner in which counsel handled their exceptions to the charge when the judge had completed his charge. Plaintiff's counsel said "Your Honor, it is not actually an exception, but I believe in charging on burden of proof you should include the defendant when you talk about its contentions as far as plaintiff's negligence, contributory negligence and comparative negligence. The burden is on the defendant to make that showing and I don't think that was charged." Plaintiff's counsel thus did not regard the charge on comparative negligence to warrant his taking exception thereto. (T. 161). To the contrary, defendant's counsel was unhappy and suggested the court erred in failing to charge in respect to comparative negligence in the exact language contained in the defendant's request to charge.

Where there is conflicting evidence from which the jury might find both plaintiff and defendant were negligent in some manner and to varying degrees and a charge on comparative negligence is specifically requested and raised by the pleadings, it is proper to charge the jury on comparative negligence, notwithstanding that the contention might be supported by only slight evidence. *Crafton v. Livingston,* 114 Ga. App. 161 (150 SE2d 371); *Mullis v. Chaika,* 118 Ga. App. 11 (162 SE2d 448); and *Davis v. Hammock,* 123 Ga. App. 33 (179 SE2d 283).

*Judgment reversed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*