50829. DARBY et al. v. THE COMMERCIAL BANK.

WEBB, Judge.

The Commercial Bank of Crawford brought suit on a promissory note against Northeast Georgia Wood Products, Inc., as maker, and R. M. Darby as surety. One of Darby's pleaded defenses was that there had been a material change in the terms of the note which operated to discharge him as surety. The jury found in favor of plaintiff bank against the company but discharged Darby. The bank filed a motion for new trial on the general grounds only, and the motion was granted. Subsequently the court vacated this order and entered a new order, specifying that the motion for new trial was granted solely upon the ground that it had erred in charging the jury that the alteration of the note under the particular facts would operate to discharge the surety. Darby appeals. *Held:*

1. The grant of the motion for new trial on the basis of an error in the charge amounts to the grant on a special ground only, and as such is reviewable by the appellate

court. *Speer v. Gemco Elevator Co.*, 134 Ga. App. 360, 362 (214 SE2d 425) and cits.; *Jarrett v. Parker,* 135 Ga. App. 195 (1).

2. Enumeration of error 1 complains that "The trial court erred in granting a motion for new trial on an alleged error in the charge, where the motion for new trial contained the general grounds only, and no amendment was filed setting forth such portions of the charge as were alleged to be erroneous with such certainty as to put the opposite party on notice as to the error complained of."

This enumeration is meritorious and requires reversal. Since the motion for new trial was upon the general grounds only, there was no question before the court as to an error in the charge. Code Ann. § 6-801. While the court may grant a new trial on its own motion within 30 days from entry of the judgment (Code Ann. § 70-301; *Florida East Coast Properties v. Davis,* 133 Ga. App. 932, 935 (4) (213 SE2d 79)), the judgment here was entered on April 22, 1974, and the new trial was not granted until May 4, 1975, which was more than 30 days from entry of judgment after the term had expired. We know of no authority which would allow the court to grant a new trial on an unspecified ground in these circumstances.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JUNE 16, 1975 — DECIDED JUNE 24, 1975 — REHEARING DENIED JULY 16, 1975.

*Orr & Kopecky, Wilbur A. Orr,* for appellants.
*Guy B. Scott, Jr.,* for appellee.