## 52459. SMITH v. TELECABLE OF COLUMBUS, INC.

STOLZ, Judge.

This appeal arises from an action for personal injuries sustained by the plaintiff when an overhead cable, which was owned, installed, and maintained by the defendant, broke. The cable, which was strung across a public street, was snapped by a passing truck. It then struck the plaintiff and wrapped around her body in the fashion of a whip.

At the first trial of the case, judgment was entered for the plaintiff in the sum of $27,500. The defendant moved for a new trial on the general grounds, and subsequently amended its motion with the addition of a special ground urging as error the court's charge to the jury. The trial judge found the general grounds of the motion for new trial to be without merit, but granted a new trial on the special ground asserted in the amendment to the motion for new trial. At the second trial, judgment was based on a verdict for plaintiff in the sum of $17,000. The plaintiff appeals, alleging as error the trial court's grant of a new trial on the special grounds after the original $27,500 judgment. *Held:*

While we agree with the plaintiff that the trial judge

erroneously granted the defendant's motion for new trial on the special ground related to the charge, we are without authority to review the ruling.

"As this is the first grant of a new trial, the main bill of exceptions must be affirmed unless it appears that the law and facts required the verdict which has been rendered in the case. Civil Code § 5585. This is true notwithstanding the new trial was granted upon a single ground and that involved a question of law only. *Johnson v. Railroad Co.,* 102 Ga. 577; *Railway Company v. Higgins,* Ibid. 586. It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Weinkle & Sons v. Brunswick & W. R. Co.,* 107 Ga. 367, 368 (1) (33 SE 471) (1898).

In Ga. L. 1959, pp. 353, 354, the General Assembly sought to amend Code § 6-1608 so as to provide for appellate review of the grant of motions for new trial on special grounds, as in this case. The Supreme Court held that the statute was a nullity, as it attempted to amend "Code of Georgia Annotated," rather than the official Code. *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427) (1966).

Prior to the Supreme Court's decision in *CTC Finance Corp. v. Holden,* supra, this court held that the first grant of a new trial, not on the discretionary (general) grounds, was reviewable by this court pursuant to Ga. L. 1959, pp. 353, 354. See *Rice v. Matthews,* 104 Ga. App. 593, 594 (1) (122 SE2d 175) (1961). Subsequent to the Supreme Court's decision in *Holden,* supra, this court, in an unfortunate series of decisions, adhered to its decision in *Rice v. Matthews,* supra. See *Southern States, Inc. v. Thomason,* 128 Ga. App. 667 (1) (197 SE2d 429)

(1973); *Whitehead v. Dillard,* 129 Ga. App. 5 (198 SE2d 376) (1973); *Durrett v. Farrar,* 130 Ga. App. 298, 302 (4) (203 SE2d 265) (1973); *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360, 362 (214 SE2d 425) (1975); *Jarrett v. Parker,* 135 Ga. App. 195, 196 (1) (217 SE2d 337) (1975); *Darby v. The Commercial Bank,* 135 Ga. App. 462 (1) (218 SE2d 252) (1975). Without a statutory base, these decisions must yield to the decision of the Supreme Court in *Weinkle & Sons v. Brunswick & W. R. Co.,* 107 Ga. 367, supra, and to the extent that they conflict therewith they are overruled. We are thus constrained to hold that "this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Weinkle & Sons v. Brunswick & W. R. Co.,* supra, p. 368. If the rule is to be otherwise, the change must be accomplished by the Supreme Court or by Act of the General Assembly.

*Judgment affirmed. Bell, C. J., Quillian, P. J., Clark, Webb, Marshall, McMurray and Smith, JJ., concur. Deen, P. J., concurs specially.*

ARGUED JULY 13, 1976 — DECIDED NOVEMBER 10, 1976 — REHEARING DENIED DECEMBER 15, 1976 —

*L. B. Kent,* for appellant.
*Edward Szczepanski,* for appellee.

DEEN, Presiding Judge, concurring specially.

In this case the Court of Appeals is overruling a great number of recent cases, and holding in addition that it has no power to reverse the case presently before it although obvious error has been committed. It bases this conclusion

on a sentence in *Weinkle & Sons v. Brunswick & W. R. Co.,* 107 Ga. 367, 368 (33 SE 471) to the effect that, notwithstanding a new trial was granted on a single ground involving a question of law only, the appellate court may not reverse unless the verdict was required from both a legal and factual standpoint. In so doing it followed *Southern R. Co. v. Higgins,* 102 Ga. 586 (28 SE 785) which cited § 5585 of the Code of 1895, but ignored Code § 5483 of the same Code, which is presently designated Code § 70-208 and states that in *all* cases the court must exercise a sound legal discretion in the grant or refusal of new trials "according to the provisions of the common law and practice of the courts."

The same constitutional provision which binds us to the precedents set by the Supreme Court creates the jurisdiction of this court for the correction of errors of law from the trial courts. Code Ann. § 2-3708. If a trial judge grants a new trial on a special ground only, and that ground erroneously decides a matter of law, it appears to me that this is an abuse of discretion under Code § 70-208 and that the appellate courts should not be precluded from saying so.

I agree, however, that we are bound by the cases above cited, which I hope the Supreme Court will see fit to overrule, as the law favors an end to needless litigation.