## 61399. HORTON et al. v. RIEDEL.

BIRDSONG, Judge.

Automobile Accident—Tort. The evidence authorized the jury to find that the appellee was driving her rented auto in the far left lane of three lanes going north on I-85 at the I-20 interchange in Atlanta. Though the evidence was disputed by the appellant Horton, it shows that appellee Riedel was six to ten car lengths in front of Horton and to his left. Horton was also proceeding north on I-85 but in the center lane. Riedel testified that a car in front of her suddenly swerved to the right into the center lane. Riedel then observed a small truck stopped in the left lane. She swerved to the right herself and passed the small truck. As she did, she noticed that a second truck had stopped in front of the first truck and that in between the two trucks a large box apparently had fallen out of the first truck. She speculated that the first truck had stopped to redeem the package and the second truck had momentarily stopped while the driver of the first truck reclaimed the box. After passing the second truck, Riedel moved back into the left lane but because of the excitement of the swerve to the right, Riedel drove too far to the left and collided with the cement wall that forms the median at that point along I-85.

Horton was proceeding north at about the same speed as the flow of traffic, but even from his vantage point of the center lane he did not observe the stopped trucks in the left lane or the first car that swerved. He saw only the vehicle operated by Riedel as it suddenly swerved into his lane. Horton "slammed" on his brakes, spun counterclockwise and slid into the far right lane where his vehicle was struck by a third vehicle traveling north in the right lane. Horton argued that his vehicle was struck by Riedel's and thus forced into the right lane. However, the evidence tended to show that there was no damage to the right side of Riedel's car and Riedel and her passenger denied striking anything other than the cement median wall. Horton presented extensive evidence on personal injury and loss of consortium. The trial court charged the jury, among other pertinent matters, on the legal theories of comparative negligence, proximate

cause (i.e., if Horton's injuries were proximately caused only by his own negligence, he could not recover) and not allowing sympathy to form part of the jury's considerations. The jury returned a verdict for the appellee-defendant Riedel. Horton moved for a new trial on the above stated grounds as well as on the general grounds. He argued before the trial court that there was no evidence of negligence on the part of Horton before the jury; therefore, the charges on proximate cause and comparative negligence were not adjusted to the evidence and were improper. Likewise, he contended that in absence of disfigurement or other such provocative evidence, there was no justification for the sympathy charge. On appeal Horton urges error in the same three charges and the denial of his motion for new trial. *Held:*

As can be seen from an analysis of the evidence above stated, the issues of fault and negligence were greatly in dispute. There was some evidence that Riedel acted imprudently in moving so swiftly from the left lane to the center lane. There was evidence that Horton by overtaking Riedel might have been proceeding at a greater speed than was prudent or that he did not give sufficient attention to the road situation or did not have his vehicle under appropriate control. There was a question whether Riedel even struck Horton or, if she did, whether the proximate cause of the accident was attributable to Riedel or Horton. There was also an alternative available to the jury whether Riedel was confronted with a sudden emergency and whether what occurred was simply an accident. All these issues were submitted to the jury in legally correct instructions.

We will adopt in pertinent part the excellent findings and conclusions prepared by the trial court in its order denying the motion for new trial. "The defendant offered evidence tending to show that the plaintiff was traveling at a speed greater than was reasonable or prudent in light of existing road conditions. The plaintiffs, of course, alleged that the collision at issue was caused by the defendant's negligence.

" 'What constitutes negligence on the part of a defendant, what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff, are generally questions for the jury.' *Farrar v. Farrar,* 41 Ga. App. 120 [152 SE 728]. It was proper for the Court to charge that the plaintiff could not recover if the jury found that he had failed to exercise ordinary care for his own safety, and that such failure was the sole proximate cause of his injuries. *Seaboard Air-Line Ry. v. Benton,* 43 Ga. App. 495 (9) [159 SE2d 717]. It was also proper to charge as to comparative negligence, as there was 'conflicting evidence from which the jury might find both plaintiff and defendant were negligent

in some manner and to varying degrees.' *Southern States, Inc. v. Thomason,* 128 Ga. App. 667 (2) [197 SE2d 429]. See also *Crafton v. Livingston,* 114 Ga. App. 161 (2) [150 SE2d 371]."

Moreover, under the circumstances of this case we find no error in the charge on sympathy. *City of Jesup v. Spivey,* 133 Ga. App. 403, 405 (4) (210 SE2d 859). Lastly we find more than sufficient evidence to support the jury's verdict. Accordingly there was no error in the trial court's denial of the motion for new trial. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 22, 1981

*Johnny B. Mostiler,* for appellants.
*H. Sanders Carter,* for appellee.