62148, 62149. GREYHOUND LINES, INC. v. WALKER; and
vice versa.

BIRDSONG, Judge.
Robin Walker, a 20-year-old college student, legally blind from time of birth, purchased a bus ticket from the appellant Greyhound Lines authorizing her travel from Atlanta to Bremen, enroute ultimately to West Georgia College at Carrollton. Though disputed, the jury was warranted in believing for some inexplicable reason Ms. Walker was discharged at some point on the open highway near Bremen. She became confused and concerned, not knowing where she was. A young male stopped in a car and offered to take her to Carrollton and as she alleged, in her dire straits and distress she

accepted the offer of transportation. Subsequently, the young male did take Ms. Walker to Carrollton, but not before criminally and sexually molesting her. Ms. Walker brought suit against Greyhound alleging that Greyhound had wrongfully discharged its duty to exercise extraordinary care toward her as one of its passengers by failing to deliver her to the place to which she had contracted for delivery, discharging her at a lonely, dark and exposed location and as a direct and forseeable consequence of its negligence exposed her to the ensuing criminal assault with its attendant pain and suffering. At the conclusion of the plaintiff's case, and again after all evidence had been submitted, Greyhound moved for a directed verdict, arguing that a criminal assault is not a reasonably forseeable event. The trial court denied the motion and submitted the issues of negligence, comparative negligence, duty owed to a passenger, and forseeable proximate cause to the jury. The jury returned a verdict for Ms. Walker in the amount of $60,000. Greyhound moved for judgment nov or in the alternative a new trial. The trial court denied the motion for judgment nov but granted a new trial on the basis of a charge that authorized the jury to consider the worldly condition of the parties. Greyhound moved this court for an interlocutory appeal on the denial of motion for judgment nov. Walker filed a cross appeal contending the charge upon which the new trial was granted was harmless error. Based upon the sparse record presented upon the application for interlocutory appeal, this court granted the appeal to consider the reasonableness of the forseeability of a criminal act. Counsel have presented us with excellent briefs fully developing their contentions, as well as providing us with a transcript of the proceedings. Based upon a full consideration of the transcript and the briefs and arguments of counsel, we are now satisfied that the issues, under the facts, were properly presented to the jury. See *Stern v. Wyatt,* 140 Ga. App. 704, 705 (231 SE2d 519). Though counsel have presented us with numerous allegations of error, we decline to consider any error outside the sole issue upon which the application for interlocutory review was granted. We will not disturb the trial court's first grant of a new trial in the absence of glaring error, which we do not find in this case. *Smith v. Telecable of Columbus,* 140 Ga. App. 755, 757 (232 SE2d 100). It follows that our further examination of the more complete file submitted to us in this case convinces us that the application for interlocutory appeal was improvidently granted. Accordingly, the grant of the application for interlocutory appeal is withdrawn and the appeal is dismissed.

*Appeals dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1981 — REHEARING DENIED SEPTEMBER 25, 1981 —

*Sewell K. Loggins, Michael V. Elsberry, Linda M. Rohrer,* for appellant.

*Sam S. Harbin, Jr., Phillip L. Hartley,* for appellee.