76519. CENTRAL OF GEORGIA RAILROAD COMPANY
v. HEARN.
(372 SE2d 834)

CARLEY, Judge.

Appellee-plaintiff filed this tort action against appellant-defendant, seeking to recover damages for personal injuries. Appellant did not contest its liability and a jury trial was held solely as to the issue of appellee's damages. The jury verdict was returned on June 25, 1987. The trial court did not enter its judgment on the jury verdict until July 17, 1987. On July 14, 1987, after the jury had returned its verdict but before the trial court had entered final judgment thereon, appellee filed a motion for new trial. On August 7, 1987, the trial court entered an order which granted a new trial to appellee.

Appellant subsequently filed a motion to amend the August 7, 1987 order wherein the trial court had granted appellee a new trial. The amendments sought by appellant were merely procedural, seek-

ing the entry of a written order which complied with the requirements of OCGA § 5-5-51. On September 4, 1987, in response to appellant's motion, the trial court did enter a new order which amended its order of August 7, 1987. The new order stated that the trial court was granting a new trial to appellee based upon both the general grounds and the prejudicial remarks made during closing argument of appellant's counsel.

The September 4, 1987 order granting appellee a new trial was certified by the trial court for immediate appellate review and appellant applied to this court for an interlocutory appeal. We granted appellant's application, stating that our reason for doing so was solely to consider the following limited procedural issue: "Was the plaintiff's motion for new trial which was filed prior to the entry of the judgment on the jury verdict premature and invalid so that consideration thereof and ruling thereon by the trial court was error?" Thus, in this appeal, we are concerned with the *authority* of the trial court to enter the order granting the new trial, and not with the underlying merits of the motion for new trial.

1. The record in this case has been supplemented by the affidavit of the trial court pursuant to OCGA § 5-6-41 (f). The record, as thus supplemented, shows that the motion for new trial which appellee originally filed on July 14, 1987, was thereafter refiled by him within 30 days of the entry of judgment. The motion was refiled by appellee directly with the trial court pursuant to OCGA § 9-11-5 (e) and was accomplished with the permission of appellant. After this refiling, appellant participated in a hearing on the merits of the motion and it thereby waived any claim that service or notice was lacking. See *Dunn v. Dunn*, 221 Ga. 368, 369 (1) (144 SE2d 758) (1965). Accordingly, it would appear that the procedural issue which prompted our grant of this interlocutory appeal need not be addressed. There would be no merit in appellant's enumeration of procedural error as to the trial court's grant of appellee's prematurely filed motion for new trial, because the supplemental record would show that the trial court granted appellee's timely refiled motion for new trial.

2. Moreover, there would appear to be an additional reason why the procedural issue which prompted our grant of this interlocutory appeal need not be addressed. The trial court's grant of a new trial is not dependent upon the filing of a motion by one of the parties to the action. OCGA § 5-5-40 (h) provides that "[t]he court also shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment, except in criminal cases where the defendant was acquitted." This statutory power of the trial court exists notwithstanding the filing of an inappropriate or inadequate motion for new trial by one of the parties. See *Florida East Coast Properties v. Davis*, 133 Ga. App. 932 (4) (213 SE2d 79) (1975). Compare *Darby*

*v. Commercial Bank*, 135 Ga. App. 462 (1) (218 SE2d 252) (1975) (holding that, after the passage of 30 days from the entry of judgment, the trial court is not authorized to grant a new trial on grounds which are not asserted in a motion for new trial filed by one of the parties). In the case at bar, the trial court's original order of August 7, 1987 which granted a new trial to appellee was entered within thirty days of the entry of the judgment on the jury verdict. The subsequent September 4, 1987 amendment of the trial court's original order was not unauthorized and in no way adversely affected the validity of the original order. *Cutis v. Geiger*, 176 Ga. 864 (1) (169 SE 127) (1933). Accordingly, the timeliness or untimeliness of appellee's motion for new trial would appear to be irrelevant to the existence of the trial court's authority to enter the order which granted appellee a new trial in this case.

Appellant urges that OCGA § 5-5-40 (h) should be given no consideration where, as here, the trial court expressly states in its order that a party's *motion* for new trial is being granted. To place the focus of inquiry upon the order's wording rather than upon its timing would, however, result in an elevation of form over substance. Any trial court that undertakes to grant a new trial has obviously made the determination that errors which occurred during the trial of the case contributed to the verdict that was returned therein. If the trial court fails to act upon its determination in that regard within thirty days of the entry of judgment, its subsequent grant of a new trial must be based upon a motion which was timely filed by one of the parties. See *Darby v. Commercial Bank*, supra. If, however, the trial court does act within the thirty-day period, then it is ultimately of no real legal consequence whether the trial court's determination that a new trial is warranted was self-motivated or was motivated by a motion which was filed by one of the parties. Pursuant to OCGA § 5-5-40 (h), the controlling factors are simply the trial court's determination that harmful error did occur and the trial court's timing of its action upon that determination. Nothing in the wording of an order granting a new trial within 30 days of the entry of judgment serves to vitiate the trial court's determination that a new trial is warranted. Likewise, nothing in the wording of such an order should serve to vitiate the legal effect of the trial court's determination. In failing to apply OCGA § 5-5-40 (h) to such an order merely because of a reference therein to a possibly deficient motion for new trial, the form in which the trial court gave expression to its determination would be elevated over the substantive legal effect of that determination. Appellant offers no reason why the present case merits a deviation from the principle, consistently followed by the appellate courts of this state, that it is substance rather than form which controls. Appellant will potentially suffer no legal harm by adherence to this principle. Neither

party can be said to suffer legal harm when an erroneous verdict is set aside. Appellee, on the other hand, will potentially suffer legal harm by the failure to apply OCGA § 5-5-40 (h) in the present case. In the absence of a timely filed motion, a verdict which in the timely determination of the trial court was infected with error would never be set aside. Accordingly, we hold that, notwithstanding the wording of the trial court's order, OCGA § 5-5-40 (h) is applicable.

Pretermitting appellant's enumeration of procedural error as to the trial court's grant of appellee's prematurely filed motion for new trial, the grant of a new trial within thirty days of the entry of judgment was nevertheless authorized pursuant to OCGA § 5-5-40 (h).

3. Resolution of the procedural issue which prompted our grant of this interlocutory appeal must await a case wherein a motion for new trial is filed prior to the entry of judgment and the trial court grants a new trial more than 30 days after the entry of judgment.

4. Appellant enumerates the trial court's grant of appellee's motion for new trial as erroneous on the merits. As previously indicated, however, appellant's application for an interlocutory appeal was granted solely for the purpose of addressing a limited *procedural* issue. The application having been granted only as to this limited issue, appellant is not authorized to use this appeal as a vehicle to assert that the *same order* of the trial court is erroneous on *other grounds*. See generally *Smith v. Southeastern Fidelity Ins. Co.*, 258 Ga. 15 (365 SE2d 105) (1988); *Chadwick v. State*, 255 Ga. 376 (339 SE2d 717) (1986). Compare OCGA § 5-6-34 (c), which provides for the review of "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below . . . , without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of the law. . . ." Accordingly, appellant's enumeration of the *merits* of the trial court's order as erroneous will not be addressed.

Moreover, the trial court's order granting the new trial identified two bases for the ruling. The first stated basis for the grant of the new trial was that the "verdict is contrary to the evidence (OCGA § 5-5-20) and against the weight of the evidence (OCGA § 5-5-21)." " 'The first grant of a new trial will not be disturbed by this court where the new trial is granted in the discretion of the trial judge *on the general grounds,* unless the appellant shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court.' [Cits.]" (Emphasis supplied.) *Berman v. Berman*, 231 Ga. 216, 217-218 (200 SE2d 870) (1973). See also *Holton v. Jones*, 174 Ga. App. 654 (331 SE2d 26) (1985); *Pierce v. Gaskins*, 168 Ga. App. 446, 447 (2) (309

SE2d 658) (1983). To gain a reversal in such a case "the evidence [produced at trial] *must demand the verdict* in order to show the trial court abused its discretion [in] granting the new trial." (Emphasis in original.) *Pierce v. Gaskins*, supra at 448. Appellant has failed to make such a showing. In light of appellant's failure to show that the trial court abused its discretion in granting the new trial based on the general grounds, any error of the trial court in ruling upon the special ground would be harmless.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in Divisions 1, 3, 4, and in judgment.*

DECIDED SEPTEMBER 7, 1988.

*Burt DeRieux, Harold S. White, Jr., Keith J. Reisman*, for appellant.

*B. Randall Blackwood, Kathryn R. Murray*, for appellee.